407 So.2d 1215 (1981)
Brenda Ann LANGLINAIS
v.
Richard GUILLOTTE, et al.
No. 81-C-1712.
Supreme Court of Louisiana.
December 14, 1981.
William R. Collins, New Iberia, for plaintiff-applicant.
Alex A. Lopresto, III, Roy, Forrest & Lopresto, Ltd., New Iberia, Anthony J. Fontana, Jr., Theall & Fontana, Abbeville, for defendant-respondent.
CALOGERO, Justice.
The issue presented for our consideration is whether a timely filed tort suit against a person in his individual capacity as the owner and purported operator of a negligently driven vehicle, and against his insurer, interrupts prescription on a claim asserted by plaintiff in an amended petition against the same timely sued defendant for his vicarious liability, and against that same defendant as administrator of his minor daughter's estate, the amended petition asserting that the daughter, not the father, was in fact the driver of the vehicle.
On February 22, 1977, plaintiff, Brenda Ann Langlinais, was injured in an automobile accident when the car she was driving was struck from the rear. In plaintiff's original petition, filed February 17, 1978, she alleged that defendant, Richard Guillotte, had negligently driven the rear-ending vehicle at the time of the accident. She also contended that Richard Guillotte was the owner of the vehicle and that it was insured by the co-defendant State Farm Insurance Company. Defendants filed an answer to the petition on December 6, 1978, generally denying the allegations. On November *1216 7, 1979, State Farm filed a motion in the trial court and secured an order permitting it to deposit the policy limits ($10,000.00) in the registry of the court.
On May 27, 1980 defendant Richard Guillotte filed a motion for summary judgment with attached affidavits, an exception of no cause of action and an exception of res judicata, alleging among other things, that plaintiff's petition did not assert a cause of action against him because he was not the driver of the vehicle at the time of the accident. By affidavit, defendant alleged that his minor daughter, Katherine Guillotte, was driving the automobile at the time of the accident.
On that same day, plaintiff filed a pleading entitled "First Supplemental and Amending Petition" in which she asked to be permitted to amend her original petition to assert that defendant's minor daughter, Katherine, had negligently operated the offending vehicle and to name Richard Guillotte in his capacity as administrator of the child's estate. In response to this amendment to plaintiff's petition, defendant filed an exception of prescription claiming that the so called amendment to plaintiff's petition actually stated a new cause of action against him and added a new defendant (Richard Guillotte in his capacity as administrator of his minor daughter's estate); and since the amended petition was filed more than a year after the accident, these claims had prescribed.
The trial judge sustained defendant's exception of prescription stating that he felt bound to do so by the prior jurisprudence, although he conceded that defendant here actually had adequate notice of the claims by virtue of the original petition. The Court of Appeal affirmed the trial court ruling. 398 So.2d 106 (La.App. 3rd Cir. 1981). Upon application by plaintiff, this Court granted writs to review the lower court rulings.
Generally, tort actions prescribe one year from the date of the offense or quasi-offense. La.C.C. art. 3536. The burden of proof rests upon the party pleading prescription. Pearson v. Hartford, 281 So.2d 724 (La.1973). Defendant Guillotte contends that the amended petition added a new cause of action and since it was filed some three years after the accident, it had prescribed. Absent the interruption of a running of the one year prescriptive period, defendant's contention would be correct.
The question presented is whether the timely filed petition against Richard Guillotte in his individual capacity as the alleged owner/operator of the automobile interrupted the prescription which might otherwise have run against his minor daughter's estate, and against him as pertains to his individual vicarious liability for his minor daughter's tort.
Plaintiff contends that under La.C.C.P. art. 1153 the demand in the supplemental and amending petition relates back to the date of the filing of the original petition, and that therefore prescription is not a bar to the demand. La.C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading.
Recently, in Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980) this Court was confronted with an argument similar to that urged upon us by plaintiff here. In Baker the plaintiff filed her original wrongful death action against her deceased husband's employer, Payne & Keller of La., Inc., and its insurer, Maryland Casualty Company, alleging that the accident was caused by the employer's failure to provide a safe place to work, safety procedures and medical and emergency treatment. The employer excepted to plaintiff's suit asserting that plaintiff's exclusive remedy was under the worker's compensation act. The employer's exception was sustained, the employer was dismissed from the suit, and plaintiff was granted fifteen days to amend and state a cause of action against Maryland. After the one year prescriptive period *1217 had run, plaintiff filed her amended petition naming Mr. Payne and Mr. Keller individually, as well as three other employees of the Payne and Keller company, and alleging that Maryland Casualty Co. was the liability insurer of these five persons. It was alleged that the accident was caused by the fault of these individuals.
The Court in Baker held that the amendment to the timely filed petition related back to the date the original pleading was filed. The Court stated, "[i]t is well established that Louisiana Code of Civil Procedure article 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises." We further held that "[w]here there is `some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party' amendment should be allowed. 43 Tul.L.Rev. 211, 234."
Likewise, for the reasons stated below, we find that the original pleading did give fair notice of the general fact situation out of which the amended claim arose, and that there is sufficient factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, such that the amendment should be allowed to relate back to the date of the filing of the original petition and should not be barred by prescription.
Plaintiff's original petition gave Mr. Guillotte and his insurer notice of the fact that plaintiff was seeking to recover from them for injuries she suffered as a result of an automobile accident in which she was rear-ended on February 22, 1977 by an automobile owned by defendant Guillotte and insured by defendant State Farm. In the original petition plaintiff mistakenly alleged that Richard Guillotte was operating the automobile at the time of the accident. In the amended petition, plaintiff alleged that Mr. Guillotte's minor daughter was operating the automobile at the time of the accident. The other allegations were the same, that is, that plaintiff's injuries resulted when an automobile owned by Richard Guillotte and insured by State Farm negligently hit her in the rear.
Therefore, notwithstanding that the petition as amended asserts a claim against the original defendant, Richard Guillotte, for vicarious liability for the acts of his minor child rather than for direct liability, as was originally asserted, we nonetheless conclude that there was factual connexity between the original and amended assertions and that the original pleadings gave fair notice of the general fact situation out of which the amended claim arose.
As to whether or not plaintiff's attempt, by the amended petition, to add Richard Guillotte in his capacity as administrator of his daughter's estate as a defendant should relate back to the date of the filing of the original petition, we must determine whether there is some identity of interest between the original and supplemental party such that the inference can be made that the supplemental party had notification of the claim against him within the prescriptive period.
In a law review article by Judge Albert Tate, Amendment of Pleadings in Louisiana (43 Tul.L.Rev. 211), addressing the issue of when a suit filed against the wrong defendant interrupts prescription against the proper one, he explained:
The suit against the wrong defendant interrupted prescription against the proper one, if the two were so closely related as to warrant the inference that the proper defendant knew of the act interrupting the prescription.[1]
* * * * * *
*1218 The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from loss or non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period. (emphasis provided)
In the present case, it can hardly be argued that the administrator of the minor's estate did not know of the original suit and the claim being made, since that person, the minor's father Richard Guillotte, was the same individual named as a defendant in the original suit although in his individual capacity.
In the case of Andrepont v. Ochsner, 84 So.2d 63 (La.App. Orl. 1955), a case directly on point, plaintiff timely filed suit against Dr. Alton Ochsner in his individual capacity. After the prescriptive period had run, plaintiff sought to add, as defendants, Alton Ochsner Medical Foundation and its insurer. The original defendant happened to be the president of the Foundation. The court allowed the addition of the defendants by supplemental petition after the prescriptive period had run finding that, although Dr. Ochsner was originally sued in the wrong capacity, the proper defendant (Dr. Ochsner as president of the Foundation) had nevertheless been timely apprised of the claim, and thus prescription was interrupted.
All defendants in this case had notice of the legal claim against them within the one-year prescriptive period by the filing of plaintiff's original petition. The factual connexity between the original petition and the amended one is clear; plaintiff's injuries resulted from an automobile accident that occurred on February 22, 1977 when she was allegedly negligently struck from the rear by a car owned by Richard Guillotte and insured by State Farm. Thus the purpose of the prescriptive provision, to insure timely notification to a person that a legal claim, and the nature thereof, is being made against him, is not violated by allowing plaintiff's amended petition to relate back to the date the original petition was filed.
The Court of Appeal relied in part, in its contrary determination, upon Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350 (La.1975) and Sizeler v. Employer's Liability Assurance Corp., 102 So.2d 326 (La.App. Orl. 1955). We find both cases distinguishable.
The legal issues presented in Trahan concerned whether one law suit, litigated to completion in favor of all named defendants, interrupted prescription as to an otherwise untimely second law suit filed against essentially different defendants. The issues considered were whether prescription was interrupted as to the second law suit under La.R.S. 9:5801 (which provides that the filing of one law suit interrupts prescription affecting the cause of action therein sued upon against all defendants) and whether La.C.C. art. 2097 (which provides that suit against one solidary debtor interrupts prescription against all solidary debtors) supported plaintiff's contention that the first suit interrupted prescription on the second suit.[2]
*1219 Sizeler, like Trahan, involved the question of whether prescription had been interrupted, so as to allow plaintiff to file a second suit against different defendants, by plaintiff's timely filing of a prior suit which had already been litigated to completion in favor of the defendants therein. The issue presented in the case presently before us, involving only one law suit, is whether La. C.C.P. art. 1153 allows plaintiff's amended petition to relate back to the date the original petition was filed, thus avoiding the prescriptive bar to the amended claim. That issue was not under consideration in either Trahan or Sizeler.
Therefore, under the facts of this case, where there is only one suit, the same plaintiff, the same defendant (Richard Guillotte) although in different capacities, the same insurer, the same vehicle, and the same accident, we find that there was "sufficient factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party" such that the amendment to the original petition should have been allowed to relate back to the date the original petition was filed. The prescription exception should have been overruled.

Decree
For the foregoing reasons, the Court of Appeal judgment affirming the trial court's ruling sustaining defendant's prescription exception is reversed and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
MARCUS and WATSON, JJ., concur.
NOTES
[1] Judge Tate noted that Federal Rule 15(c), which was the source provision for La.C.C.P. art. 1153, was amended in 1966 in an attempt to clarify the original wording of the rule. The amendment provided:

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision [i.e., that it arises out of the `conduct, transaction or occurrence' originally pleaded] is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by the amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining this defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
Judge Tate also noted that such an amendment of Louisiana Code of Civil Procedure Article 1153 was not necessary because of the comparable judicial interpretations that had already been made. Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945); Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225 (1942); Stewart v. Maloney Trucking and Storage, Inc., 147 So.2d 62 (La.App. 4th Cir. 1962); Brooks v. Wiltz, 144 So.2d 413 (La.App. 4th Cir. 1962); and Andrepont v. Ochsner, 84 So.2d 63 (La.App. Orl. 1955).
[2] In Trahan, it was determined that the original defendants were not solidarily liable with the defendants named in the second suit. However, it is well settled that under La.C.C. art. 2097, since an insurer and its insured are solidary obligors, suit timely filed against the insurer interrupts the running of prescription against the insured. Baker v. Payne and Keller of Louisiana, Inc., supra.; Pearson v. Hartford Accident & Indemnity, supra; Hidalgo v. Dupuy, 122 So.2d 639 (La.App.1960); Stansbury v. Hoover, et al, 366 So.2d 918 (La.App. 1st Cir. 1978); Hobbs v. Fireman's Fund American Insurance Companies, et al., 339 So.2d 28 (La. App. 3rd Cir. 1976), writs denied, 341 So.2d 896 (La.1977); Simmons v. Travelers Insurance Company, 295 So.2d 550 (La.App. 3rd Cir. 1974), writs denied, 299 So.2d 795 (La.1974). Therefore, unlike the situation in Trahan, the timely filing of plaintiff's original petition asserting a cause of action against State Farm, the insurer of the vehicle involved in the accident, interrupted the running of prescription against State Farm's insured, Katherine, or in this case Katherine's father as administrator of her estate.