473 So.2d 355 (1985)
Carie Whitaker CARONNA, individually and as administratrix of the estate of her deceased husband, Joseph P. Caronna, Jr., and as natural tutrix of the estate of the two minor children, Jonathan Thomas Caronna and Candy Jo Caronna
v.
Barry J. CURRY and his liability insurance carrier, Western Preferred Insurance Co., Roland Hopkins, Southeastern Fidelity Insurance Co. and State of Louisiana Department of Transportation and Development, Office of Highways.
No. 85-CA-138
Court of Appeal of Louisiana, Fifth Circuit.
July 8, 1985.
*356 Robert R. Faucheux, Jr., for plaintiffs/appellants.
Leon C. Vial, III, Hahnville, Andrew P. Carter, Eugene G. Taggart, J. Wayne Anderson, Monroe & Leamann, New Orleans, for defendant/appellee.
Before KLIEBERT, BOWES and GAUDIN, JJ.
BOWES, Judge.
The issue before this court arises out of a wrongful death suit filed in connection with a traffic accident which took place about 7:20 p.m. on February 10, 1983, and in which a pedestrian, Joseph P. Caronna, Jr., was struck and killed by an automobile. The vehicle, which was north bound on Louisiana Hwy. 628 in St. Charles Parish, was driven by Barry J. Curry and owned by Roland Hopkins.
On March 24, 1983, suit was filed naming Barry J. Curry and Roland Hopkins as defendants, along with their insurers and the State of Louisiana, Department of Transportation and Development. Petitioners filed an amended petition on June 28, 1984, seeking to add as defendants, Louisiana Power and Light Co. (L.P. & L.) and St. Charles Parish, by adding the following paragraph numbered VI(A) to the original petition:
Petitioner further avers that a proximate cause of the above alleged accident was the negligence of the defendant, Louisiana Power and Light Company, [who] failed to provide the proper and appropriate lighting. That the defendant, St. Charles Parish, did not provide a sidewalk and/or improved area for walking along the highway.
All of which the aforesaid acts of negligence are in violation of the Ordinances of the Parish of St. Charles and the Laws of the State of Louisiana, which are pleaded herein as if copied in extensio.
L.P. & L. filed exceptions of prescription, no cause of action and no right of action. The trial judge, on December 6, 1984, after hearing argument of counsel, ruled that L.P. & L.'s exception of prescription was well-founded and maintained the exception. Having so ruled, he did not consider the other exceptions filed.
Plaintiffs appeal that ruling, arguing that their amending petition should relate back to the date of filing of the original petition. Appellants cite as authority for their claim L.S.A.-C.C. art. 3503 and Langlinais v. Guillotte, 407 So.2d 1215 (La. 1981).
Article 3503 provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. We have no argument with that rule. Likewise, we agree that a party pleading prescription bears the burden of proving it. City of New Orleans v. Century Management, Inc., 442 So.2d 831 (La. App. 4th Cir.1983); Thornell v. Payne and Keller, Inc., 442 So.2d 536 (La.App. 1st Cir.1983), Writ Denied. However, we also believe that a party seeking to avoid prescription by claiming solidary liability between two or more parties bears the burden of proving that solidary relationship. See Lowe v. Rivers, 448 So.2d 848 (La.App. 2nd Cir.1984).
The pleadings evidence that absent a solidary relationship between L.P. & L. and any of the original defendants prescription would have tolled. This was pointed out by L.P. & L. in their exception filed on August 28, 1984 and was sufficient to meet their burden of proof.
Plaintiffs, however, failed to meet their burden of proving solidarity. Their amending petition, in paragraph VI(A), does not even allege a solidary relationship between L.P. & L. and any other defendant. At the trial of the exceptions, appellants failed to introduce any evidence whatsoever. Their counsel, in argument, referred to two depositions which had been taken a short time before the amended petition was filed, but he failed to introduce even one of these documents. Our review of the record reveals nothing which would buttress appellant's claim of solidarity.
*357 We also find plaintiffs' reliance on Langlinais v. Guillotte, supra, completely misplaced and inappropriate to the facts of this case. The Langlinais case decided the following questions:
.....
[W]hether a timely filed tort suit against a person in his individual capacity as the owner and purported operator of a negligently driven vehicle, and against his insurer, interrupts prescription on a claim asserted by plaintiff in an amended petition against the same timely sued defendant for his vicarious liability, and against that same defendant as administrator of his minor daughter's estate, the amended petition asserting that the daughter, not the father, was in fact the driver of the vehicle. Langlinais v. Guillotte, supra, at 1215
The Supreme Court, holding that prescription had been interrupted, stated:
.....
[W]here there is only one suit, the same plaintiff, the same defendant (Richard Guillotte) although in different capacities, the same insurer, the same vehicle, and the same accident, we find that there was "sufficient factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party" such that the amendment to the original petition should have been allowed to relate back to the date the original petition was filed.
One can easily see that the situation in Langlinais is completely different from the present case where, by amended petition, the plaintiffs sought to add a defendant who had not been previously named or served, nor who had any reason to even know of the existence of plaintiffs' suit.
Accordingly, for the reasons stated above, the judgment of the trial court maintaining the exception of prescription and dismissing L.P. & L. from this suit is affirmed. All costs are to be paid by appellant.
Affirmed.