BYRNES, Judge.
This ease arises out of an automobile accident. On February 12, 1980 Charlene and Clemont Dapremont, appellants herein, were guest passengers in a car driven by Brenda Bazil. The automobile was traveling Northbound on U.S. Highway 61 in St. John Parish. As they approached the intersection of Cardinal Street and Highway 61 they collided with a vehicle which was in tow behind a pickup truck which had turned left onto Cardinal Street directly in front of them. The truck was driven by Robert Arcuri and the car in tow was allegedly owned by Marion Kelly.
Appellants sustained serious injuries as a result of this accident, and on October 12, 1980 filed suit for damages against Marion Kelly. On November 24, 1980 the suit was amended to join Aetna Casualty and Surety Company as Marion Kelly’s liability insurer. On August 31, 1981, approximately 18 months after the accident, appellants again amended their petition to include Robert Arcuri as a joint tortfeasor. On December 3, 1981 appellants filed a motion to dismiss Kelly and Aetna, reserving their rights against Arcuri who had not yet been served. On February 22, 1983 appellants once again brought Aetna into the suit as Arcuri’s insurer. Arcuri was finally served and the case came to trial before a jury, on June 14, 1984. At the close of plaintiff’s ease the defense moved for a directed verdict on grounds of prescription. The judge granted the motion, finding that Arcuri was not joined in the suit within one year of the accident and that plaintiff had failed to prove joint tortfeasorship. Thus, prescription was not interrupted and the case was dismissed.
Plaintiffs appeal this judgment, contending that they did not have the burden of proving joint tortfeasorship, that prescription was successfully interrupted, and that the court should have found that Arcuri was a joint tortfeasor.
BURDEN OF PROOF, PRESCRIPTION
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). However, in Emery v. Cabral, 400 So.2d 340, 342 (La.App. 4th Cir.1981) this court stated:
When the plaintiff’s petition shows on its face that the prescriptive period has run, and the plaintiff is contending that there was a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Cordova v. Hartford Accident and Indemnity Co., 378 So.2d 1088 (La.App. 3rd Cir.1979); Yarbrough v. Louisiana Cement Company, Inc., 370 So.2d 602 (La.App. 4th Cir.1979).
In the case at bar, Mr. Arcuri was not joined until eighteen months after the accident. Thus, on the face of the petition the one year prescriptive period had run. Appellants allege that the period was interrupted when their original petition was filed because Arcuri was a joint tortfeasor with the other defendants. Therefore, the burden was on appellants to prove that prescription was interrupted by joint tort-feasorship. The trial court found that they did not meet this burden of proof. We agree.
We have scrupulously reviewed the record herein and have found the following salient facts:
*32 1. On February 12,1980 Mr. Arcuri was traveling Eastbound on Highway 61 in the left lane of traffic;
2. He was driving a Toyota Pickup truck and was using an eight foot rope to two another vehicle;
3. Both vehicles had their emergency lights activated but neither had any other outward indications to warn other vehicles that a car was in tow;
4. Arcuri turned left on Cardinal Street, directly in front of appellants and appellants collided with the vehicle in tow.
These facts clearly establish Mr. Arcuri’s actions as a cause in fact of the resulting collision. However, the record discloses no evidence regarding Marion Kelly’s involvement. No evidence was put forth to establish any of the salient facts regarding the vehicle which was actually hit by appellants. Moreover, the record is barren of any testimony or other evidence linking Arcuri to Marion Kelly, who was previously dismissed from this action along with her insurer after settling with appellants. In fact, the only mention of joint tort-feasorship is found in the amending petitions joining Arcuir and Aetna as defendants. Appellants failed to put on any evidence to prove these allegations during the trial.
Mr. Arcuri was not joined as a party defendant until eighteen months after the accident. Therefore, the action against him had prescribed on the face of the petition. Absent proof of joint tortfeasorship, we find that the action had prescribed and the trial court was correct in dismissing said action.
Appellants contend further that joining Aetna insurance Company as Marion Kelly’s insurer put them on sufficient notice regarding Mr. Arcuri, to interrupt prescription. We find this argument to be without merit.
Aetna was originally joined specifically as Marion Kelly’s insurer. Slightly more than three months after joining Arcu-ri as a defendant, Aetna and Kelly were dismissed from the suit. It was not until February 1983 that appellants apparently discovered that Aetna also insured Arcuri and so rejoined them specifically as Arcu-ri’s insurer.
It is well settled that an insurer will not be considered to be on notice of a pending claim in a suit which names a particular insured if the name is incorrect or if the suit completely fails to name the insured. Garrett v. Diaz Dryage Company, 442 So.2d 860 (La.App. 4th Cir.1983). In this case, the suit correctly named Kelly as Aetna’s insured. The record clearly shows that Aetna and Kelly were dismissed on December 3, 1981, with appellants reserving their rights solely against Arcuri, who was then a named defendant although he had not yet been served. Having failed to name Arcuri as Aetna’s insured, Aetna can only be said to have been on notice of the claim against Kelly. Thus, joining Aetna specifically as Kelly’s insurer could not interrupt prescription regarding Arcuri.
For the foregoing reasons the decision of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.