PER CURIAM.
The issue to be determined on appeal is whether plaintiff’s cause of action has prescribed.
On April 24, 1985, Viola Givens was involved in an automobile accident with Evon Buchanan. On January 8, 1986, Givens filed suit against Buchanan and her insurer, State Farm Mutual Automobile Insurance Company, for damages sustained as a result of the accident. Thereafter, on July 31, 1986, Givens filed a separate suit against Professional Nurses Home Health Services, Inc., (hereafter PNHHS). In her petition plaintiff alleged as follows:
At all material times herein, Evon Buchanan was in the course and scope of her employment with Professional Nurses Home Health Services, Inc. and defendant Professional Nurses Home Health Services, Inc. is vicariously liable for the negligent acts of its employee.
Defendant filed the peremptory exception raising the objection of prescription. In sustaining defendant’s exception the trial court noted that a suit against one soli-dary obligor interrupts prescription against all solidary obligors. However, the trial court found plaintiff had failed to present any proof that Buchanan and PNHHS were solidary obligors. Plaintiff appeals.
It is well established that the interruption of prescription against one solidary obligor is effective against all solidary obli-gors. Civil Code art. 3503. In Foster v. Hampton, 381 So.2d 789 (La.1980), the Supreme Court held that when an employee’s actions during his employment create an unreasonable risk of harm to another, any resulting liability is solidary with that of the employer. The Supreme Court noted the solidary liability of the employer and employee is a result of the employer’s vicarious liability and is not based on a joint tortfeasor relationship.
A party pleading prescription bears the burden of proving it. Caronna v. Curry, 473 So.2d 355 (La.App. 5th Cir. 1985). However, when the plaintiff’s petition shows on its face that the prescriptive period has run, and the plaintiff is contending there was a suspension or interruption *1059 of prescription, the burden is on the plaintiff to prove the suspension or interruption. Dapremont v. Kelly, 479 So.2d 30 (La.App. 4th Cir.1985). Specifically, a party seeking to avoid prescription by claiming solidary liability between two or more parties bears the burden of proving that solidary relationship. Caronna, supra.
In the instant case plaintiff did not file suit against PNHHS until fifteen months after the accident. Thus on the face of the petition the prescriptive period has run. Plaintiff argues the period was interrupted when the first suit was filed because PNHHS and Buchanan (as employer and employee) are solidary obligors. However, at the hearing on the exception of prescription, there was no evidence introduced to prove the employment relationship (which is the basis of the solidarity) between Buchanan and PNHHS.
Plaintiff contends her allegation of the employment relationship is sufficient to overcome the exception of prescription and that proof need not be presented until trial. In support of this argument plaintiff cites several cases. See Dean v. Nunez, 469 So.2d 254 (La.App. 4th Cir.1985), writ denied, 475 So.2d 357 (La.1985); Curry v. Iberville Parish Sheriff's Office, 378 So.2d 159 (La.App. 1st Cir.1979); Fontenot v. O’Brien, 361 So.2d 298 (La.App. 1st Cir. 1978); Wick v. Sellers, 309 So.2d 909 (La. App. 3d Cir.1975), writs denied, 313 So.2d 828, 829 (La.1975). In all of these cases the solidary liability binding the defendants arose because they were alleged to be joint tortfeasors. The courts found a plaintiff’s allegation of the joined defendant’s negligence was sufficient to defeat the joined defendant’s exception of prescription. To rule otherwise would have required a determination of the merits in order to rule on the exception of prescription.
The instant case is distinguishable. Here plaintiff alleged PNHHS and Buchanan were solidarily liable due to their employment relationship. Under these circumstances plaintiff’s failure to introduce evidence proving that relationship, and thus the solidary liability, is fatal to her case. See Lowe v. Rivers, 448 So.2d 848 (La.App. 2d Cir.1984).
Accordingly, we affirm the judgment of the trial court sustaining defendant’s objection of prescription and dismissing plaintiff’s suit. Costs are to be paid by plaintiff-appellant.
AFFIRMED.