527 So.2d 468 (1988)
Robert SCOTT, as Natural Tutor of Minor Child, James Scott
v.
Marlene Davis Stewart BURDEN and Leroy Davis, Sr.
No. 88-CA-75.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
*469 Pierre F. Gaudin, Gretna, for plaintiff-appellant.
Andree H. Greenleaf, Jack A. Grant, Grant & Barrow, Gretna, for defendants/appellees, Jefferson Parish School Bd.
Marlene Burden, New Orleans, in pro. per.
Before KLIEBERT, BOWES and WICKER, JJ.
BOWES, Judge.
This appeal arises from a peremptory exception of one year prescription maintained in favor of defendants/appellees, the Jefferson Parish School Board, in a suit for personal injury sustained by the plaintiff/appellant's son, James Scott. We reverse.
The brief record before us reveals that on October 21, 1985, plaintiff's son, James Scott, was attending the Worley Middle School, a Jefferson Parish public school located in Westwego, Louisiana. On that date, young James Scott was allegedly stabbed by the son of the defendants, Marlene Davis Stewart Burden and Leroy Davis, Sr. (hereinafter the Davises).
The plaintiff filed suit against the Davises on October 20, 1986. On July 15, 1987, nearly twenty-one months after the alleged stabbing, the plaintiff filed the First Supplemental and Amending Petition and named the Jefferson Parish School Board as an additional defendant. The amending petition added the following paragraph:

VIII.
On the date of October 21, 1985 as plaintiff's minor child, James Scott, was leaving the gym at the Worley Middle School in Westwego, going to another classroom, he was violently attacked and stabbed by another student. At the time of the attack, there was no supervision by the Jefferson Parish School Board to prevent such actions, and, as such, they would be responsible to plaintiff's son for his damages.
The Jefferson Parish School Board filed an Exception of Prescription, stating that, on its face, the First Supplemental and Amending Petition showed that the cause of action occurred more than one year prior to its filing. A hearing was held on the exception and both parties submitted a memorandum to the court. After taking the matter under advisement, the trial judge maintained the defendant's exception of prescription.
Appellant presents three issues for review:
1. Are the defendants solidary obligors?
2. Was prescription interrupted against the Jefferson Parish School Board by filing suit against the parents of Leroy Davis, Jr.?
3. Does the amending petition relate back to the date of the filing of the original petition?
Each of these issues will be discussed together for the sake of continuity.
Appellant argues that the amending petition alleges the negligence of the Jefferson Parish School Board caused the plaintiff's damages. He further argues that the original petition alleges that Leroy Davis, Jr. caused the plaintiff's damages. Appellant finally argues that since all defendants contributed to the plaintiff's injuries, they are solidarily liable and in solido and the interruption of the prescription against one interrupts prescription with regard to all.
Appellee asserts that the appellant failed to introduce any proof as to the solidary relationship between the parties. Consequently, the cause of action against the appellee had prescribed and the amended petition did not relate back to the date of filing the original petition.
The burden of proving a tort action has prescribed rests upon the defendant or party pleading prescription. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981); Caronna v. Curry, 473 So.2d 355 (La.App. 5 Cir.1985). However, once it is proven that *470 more than one year elapsed between the time the tort occurred and the filing of suit, the burden shifts to the plaintiff to prove an interruption or suspension of prescription. Dixon v. Houck, 466 So.2d 57 (La. App. 2 Cir.1985).
In the instant case, the alleged stabbing occurred on October 21, 1985. The first supplemental and amending petition which brought the Jefferson Parish School Board into the suit was not filed until July 15, 1987, approximately twenty-one (21) months after the alleged acts occurred. Thus, on the face of the petition, the one year prescriptive period had run, and the appellee's burden of proof on this matter was met.
Appellant alleged the period was interrupted when his original petition was filed because the Jefferson Parish School Board was a joint tort-feasor with the other defendant. LSA C.C. Arts. 1799 and 3503 provide that the interruption of prescription against one solidary obligor is effective against all solidary obligors. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975). Joint tort-feasors are deemed solidary obligors. Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4 Cir.1982); Small v. Caterpillar Mfg. Corp., 319 So.2d 843 (La.App. 1 Cir. 1975). It is clear that the party claiming solidary liability between two parties bears the burden of proving it, thus interrupting the prescriptive period. Caronna v. Curry, supra; Dapremont v. Kelly, 479 So.2d 30 (La.App. 4 Cir.1985); Lowe v. Rivers, 448 So.2d 848 (La.App. 2 Cir.1984).
Plaintiff did not specifically allege that the defendants are solidarily obliged in his original or amended petitions. However, the petitions do allege Mr. and Mrs. Leroy Davis are responsible to the plaintiff for his damages because of the action of their son, and that the Jefferson Parish School Board could have prevented those actions and, as such, are responsible to plaintiff for his damages. These facts, if established, could lead to solidary liability between the Jefferson Parish School Board and the Davises, who were timely sued. Therefore, the facts do allege, in effect, that the Jefferson Parish School Board and the Davises are joint tort-feasors.
In addition, the appellee does not provide us with any substantial facts which would negate any possibility of joint tort-feasors in the instant case. The jurisprudence holds that under certain circumstances, the obligation may be in solido even though the obligations arise from separate acts or for different reasons. Perez v. State Farm Ins. Companies, 458 So.2d 218 (La.App. 5 Cir.1984) and cases cited therein; Duplechain v. Clausing Machine Tools, supra.
In the absence of any facts absolutely controverting the solidary liability of the defendants herein, we hold that the allegations of the petition are sufficient to characterize the Jefferson Parish School Board as a joint tort-feasor with the Davises, thereby interrupting prescription as to the Jefferson Parish School Board. Consequently, we find that the trial judge's ruling that the parties are not solidary obligors is manifestly erroneous. If, during subsequent proceedings, it is shown that solidary liability does not exist, an exception of prescription could be filed again, so appellee's rights are not hurt by our ruling at this time. If other things are not to the contrary, the law always favors the maintaining of a suit, rather than its dismissal.
For the above reasons, we find that it was improper to maintain the plea of prescription at the present time and, accordingly, we reverse the decision of the trial court and remand for further proceedings consistent with the opinion expressed herein. All costs of this appeal are cast against the appellee, the Jefferson Parish School Board.
REVERSED AND REMANDED.