567 So.2d 783 (1990)
Alvin ARABIE and Velma Marie Arabie, Plaintiffs-Appellants,
v.
NORTHWEST MINING CORPORATION, et al., Defendants-Appellees.
No. 89-440.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*784 Baggett, McCall & Burgess, Wm. B. Baggett, Thomas V. Alonzo, Lake Charles, for plaintiffs-appellants.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Patrick J. Hanna, Rebecca F. Doherty, Lafayette, Hulse, Nelson & Wanek, Craig R. Nelson, Denise M. D'Aunoy, New Orleans, Barnett, Pitre, Yoes & Kay, Henry E. Yoes, III, Guillory & McCall, Wm. T. McCall, Lake Charles, DeMartini, LeBlanc, D'Aquila & Volk, P.L.C., Jerome M. Volk, Jr., Kenner, Phelps, Dunbar, Marks, Claverie & Sims, Stephen P. Hall, New Orleans, James L. Pate, Lafayette, for defendants-appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
The issue presented for our consideration by plaintiffs, Alvin Arabie and Velma Marie Arabie, is whether the trial court erred in maintaining peremptory exceptions of prescription in favor of defendants, Lone Star Industries, Inc., Clemco Industries, Inc., and Clemtex, Ltd. We reverse and remand to the trial court for further proceedings consistent with this opinion.
The rather scant record before us reveals that from 1965 to the date of the filing of this lawsuit, Alvin Arabie was employed as a painter and sandblaster. On May 30, 1986, plaintiffs filed suit in the United States District Court for the Western District of Louisiana, Lake Charles Division, against various asbestos manufacturers and distributors claiming damages for asbestosis which Mr. Arabie allegedly contracted while employed as a painter/sandblaster. Plaintiffs' claims in the federal suit were voluntarily dismissed on the basis that the parties had settled their claims by compromise in June of 1987. On October 6, 1987, the day before the order of dismissal was filed in the federal suit, plaintiffs filed this lawsuit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. In their petition, plaintiffs allege that Alvin Arabie contracted silicosis through the use of sandblasting products. Made defendants in the suit *785 were manufacturers and distributors of abrasive blasting materials and manufacturers of respiratory protection devices, as well as various executive officers of Mr. Arabie's former employers and their liability insurers. Three of the defendants named in the lawsuit, namely, Lone Star Industries, Inc., Clemco Industries, Inc., and Clemtex, Ltd., filed exceptions of one year prescription. The exceptions were heard by the trial court on March 2, 1989. The exceptions of prescription were maintained by the trial court. On March 6, 1989, plaintiffs requested written reasons for judgment and, in response to their request, the trial court adopted as its written reasons for judgment the memorandum submitted by exceptor, Lone Star Industries, Inc. Plaintiffs now bring this appeal contending that the trial court erred in maintaining the exceptions of prescription.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981); Scott v. Burden, 527 So.2d 468 (La.App. 5th Cir. 1988). However, when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff is contending that there was a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Williams v. American Family Mutual Insurance Co., 520 So.2d 1082 (La. App. 3d Cir.1987); Simmons v. Bartleet Chemical, Inc., 420 So.2d 1273 (La.App. 3d Cir.1982).
In the case sub judice, plaintiffs state in their petition that they became aware of Mr. Arabie's silicosis in January of 1986. Suit was not filed by the plaintiffs until October of 1987. Since plaintiffs did not file within a year, their claim has prescribed on the face of the petition. It thus becomes incumbent upon the plaintiffs to prove some suspension or interruption of prescription. Plaintiffs argue that the defendants in the state suit are joint tortfeasors with the defendants in the federal suit, and, accordingly, filing suit against the defendants in federal court served to interrupt prescription in the state suit.
LSA-C.C. arts. 1799 and 3503 provide that a suit brought against one solidary obligor interrupts prescription against all the solidary obligors. Joint tortfeasors are deemed solidary obligors. Vicknair v. Hibernia Building Corporation, 479 So.2d 904 (La.1985); Small v. Caterpillar Manufacturing Corporation, 319 So.2d 843 (La. App. 1 Cir.1975). A party seeking to avoid prescription by claiming solidary liability between two or more parties bears the burden of proving that solidary relationship. Caronna v. Curry, 473 So.2d 355 (La.App. 5th Cir.1985); Lowe v. Rivers, 448 So.2d 848 (La.App. 2d Cir.1984).
Plaintiffs in this case failed to introduce any evidence into the record which would establish that the defendants in the federal suit and the defendants in the state suit are solidary obligors. Furthermore, plaintiffs failed to even specifically allege in their pleadings that the two sets of defendants are joint tortfeasors or are solidarily liable for the damage plaintiffs sustained. Nevertheless, the courts of this State have been willing to find solidary liability in prescription cases, even in the absence of proof or explicit allegations thereof, where the uncontroverted factual allegations of the petition indicate that there is a possibility that the defendants are solidarily liable. See Givens v. Professional Nurses Home Health Services, Inc., 516 So.2d 120 (La.1987); Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973); Scott, supra; Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4th Cir.1982).
Plaintiffs allege that Mr. Arabie has suffered lung damage as a result of his concurrent exposure to asbestos and silica. It is well-settled that joint tortfeasors are deemed solidary obligors even though their concurrent negligence results from different acts or breaches of different obligations. Pearson, supra; Perez v. State Farm Insurance Companies, 458 So.2d 218 (La.App. 5th Cir.1984); Duplechain, supra. Accordingly, we find that the factual allegations of the plaintiffs' petition, if established, could lead to a finding that the defendants in the federal suit and the defendants *786 in the state suit are joint tortfeasors. The trial court was manifestly erroneous in ruling that defendants can not be characterized as solidary obligors. If, during subsequent proceedings, however, it is shown that solidary liability does not exist, an exception of prescription would be proper and should be maintained at that time.
For the above assigned reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings. Since, after subsequent proceedings, it may be shown that solidary liability does not exist and that an exception of prescription can be maintained, we find defendants' motion to dismiss for splitting a cause of action under LSA-C.C.P. art. 425 to be premature at this time and we therefore refer it to the merits. Costs of this appeal are taxed to defendants; all other costs are to await final determination on the merits.
REVERSED AND REMANDED.