PLOTKIN, Judge.
The sole issue in this appeal is whether the trial court properly granted an exception of prescription filed on behalf of two defendants named in a Second Supplemental and Amending Petition filed after the running of the one-year prescriptive period. We affirm.
Plaintiff Tammy Caywood filed suit seeking recovery of damages suffered November 19, 1983 in an automobile collision between her car and a dump truck owned and operated by Franklin Gaines. Identified as defendants in the original petition, which was filed August 3, 1984, were Franklin Gaines, his fictitious employer ABC Company, and two fictitious insurers. More than two years later, on August 22, 1986, the plaintiff filed a First Supplemental and Amending Petition substituting the name of Joseph Tabor for ABC Company and alleging that Tabor had hired Gaines to haul materials and that Gaines was acting within the course and scope of his employment when the accident occurred, making Tabor liable in solido with Gaines under the doctrine of respondeat superior.
On January 8, 1987, Tabor filed a motion for summary judgment, alleging that Gaines was not his employee at the time the accident occurred or at any time previous or subsequent to that date. Although the motion was set for hearing, it was later continued, then it was dismissed on February 20, 1987. The motion has not been decided.
On April 6, 1987, the plaintiff filed a Second Supplemental and Amending Petition, adding the names of T.L. James & Company, Inc. and Louisiana Paving Company, Inc. as defendants. Gaines’ name was omitted as a defendant in the Second Supplemental and Amending Petition, apparently because he had filed for bankruptcy and all court proceedings against him were stayed under the provisions of 11 U.S.C.A. § 362. The petition alleged that Gaines was acting within the course and scope of his employment with Tabor, T.L. James, and/or Louisiana Paving at the time of the accident. The petition further alleged that the named defendants were liable in solido for plaintiff’s damages under the doctrine of respondeat superior.
On July 21, 1987, T.L. James and Louisiana Paving filed an answer denying the allegations in the plaintiff’s Second Supplemental and Amending Petition and a cross-claim against Gaines. On October 5, 1989, T.L. James and Louisiana Paving filed a peremptory exception of prescription, which was sustained by the trial judge, who did not issue reasons for judgment.
The plaintiff appealed, claiming that the trial court erred in granting the exception of prescription under the Louisiana Supreme Court’s holding in Givens v. Professional Nurses Home Health Services, Inc., 516 So.2d 120 (La.1987). In that case, the court held that exceptions of prescription should not be sustained in preliminary hearings when they contain uncontroverted allegations of solidary liability. Id. at 121. *96 The plaintiff argues that since she has pled solidary liability among all the defendants named in all three of her petitions, a plea of prescription cannot be sustained. Plaintiff also cites Givens, supra, for the proposition that suit against either an employer or employee will interrupt prescription as to the other. Id. The defendants argue that Givens, supra does not control the controversy in the instant case because here the plaintiffs allegations of solidarity have been controverted.
In Louisiana, the law requires that tort actions, such as the one in the instant case, be filed within one year of the date the injury or damage occurred. LSA-C.C. art. 3492. This rule is subject to a number of exceptions and qualifications, including the rule found in LSA-C.C. art. 3503 that interruption of prescription against one solidary obligor interrupts prescription against all other solidary obligors.
When a defendant files an exception of prescription, he initially bears the burden of proving that the suit was not timely filed, unless it is obvious from the face of the petition that the one year period had passed prior to the filing of the petition. Strata v. Patin, 545 So.2d 1180, 1189 (La.App. 4th Cir.1989). If it is clear from the face of the petition that the suit was not timely filed, or if the defendant meets his burden of proving that fact, the burden shifts to the plaintiff to show that prescription has been interrupted or suspended. Id.
In the instant case, it is obvious from the face of the Second Supplemental and Amending Petition, which was not filed until April 6, 1987, that it was not filed within one year of the date of the accident which caused the alleged damages, which occurred on November 19, 1983. Therefore, the burden shifted to the plaintiff to prove that prescription had been interrupted against T.L. James and Louisiana Paving.
Under the requirements established by the Supreme Court in the Givens case, supra, the plaintiff has not met that burden of proof. In that case, the appellate court had found that the plaintiff had not met her burden of proving solidarity because she failed to introduce evidence proving an employment relationship alleged in her pleadings. Givens v. Professional Nurses Home Health Services, Inc., 518 So.2d 1057 (La.App. 1st Cir.), rev’d 516 So.2d 120 (La.1987). The Louisiana Supreme Court reversed, holding that exceptions of prescription should not be sustained when the pleadings factually allege a solidary liability unless the defendant presents controverting evidence. Givens, supra, 516 So.2d at 121.
However, the instant case is distinguishable from the Givens case on two grounds. First, the defendants in this case filed an answer generally denying the plaintiffs allegations prior to the filing of the exception of prescription. Second and more importantly, the defendants attached record evidence, in the form of an excerpt from Gaines’ deposition, to their peremptory exception of prescription. The excerpts from the deposition are sufficient to controvert the plaintiffs allegations of solidarity between Gaines, Tabor, T.L. James and Louisiana Paving. In the deposition, Gaines testified that he was hired by Tabor to pick up a load of asphalt at T.L. James’ facility in Gretna. Certainly that testimony is insufficient to support an allegation that Gaines was therefore employed by T.L. James and Louisiana Paving at the time the accident occurred. Thus, the plaintiff’s allegations have been properly controverted and the trial court properly granted the exception of prescription.
Additionally, the plaintiffs Second Supplemental and Amending Petition cannot be considered to relate back to the original petition under the provisions of LSA-C.C.P. art. 1153 because the three prerequisites for allowing an amendment which changes the identity of parties to relate back are not satisfied. In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Louisiana Supreme Court established the following criteria:
(1) the amended claim must arise out of the same occurrence set forth in the original pleading; (2) the purported substi *97 tute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits; and (3) the purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper parties, the action would have been brought against him.
Id. at 1085. (Emphasis in original.)
In the instant case, the record contains Gaines’ deposition, in which he stated that he was working for someone named Tabor at the time of the accident and that he had picked up the asphalt which he was carrying at T.L. James. Certainly there is no indication anywhere in the record that either T.L. James or Louisiana Paving received notice of the institution of the tort suit until the filing of the Second Supplemental and Amending Petition more than three years after the occurrence or that either of those parties knew or should have known that it would have been a party to the action, except for a mistake. Additionally, the fact that those defendants were unaware of the possibility of becoming parties to the suit has resulted in prejudice to those parties. The pleadings indicate that neither T.L. James nor Louisiana Paving has been able to locate Gaines in order to conduct discovery or to prepare for a future trial. Thus, the inclusion of T.L. James and Louisiana Paving does not meet either the second or third prerequisite established in Ray, supra. Under these circumstances, the plaintiffs Second Supplemental and Amending Petition cannot be considered to relate back to the filing date of the original petition.
For the above and foregoing reasons, the trial court judgment sustaining the peremptory exception of prescription filed by defendants, T.L. James Company, Inc. and Louisiana Paving Company, Inc., against plaintiff Tammy Caywood is affirmed. All costs are to be paid by the plaintiff.
AFFIRMED.