DUFRESNE, Judge.
The issue on appeal is whether James Reeves’ (plaintiff), claim for workmen’s compensation against his employer, B & S Welding, Inc. (B & S) has prescribed.
Reeves was allegedly injured on December 4, 1985, while in the course and scope of his employment with B & S. On December 2, 1986, he sued B & S and Exxon ■Corporation in the 24th Judicial District Court for bodily injuries sustained while working aboard Exxon’s platform.
In response to allegations contained in an Amended Petition filed by Reeves seeking benefits under the Louisiana Worker’s Compensation Act, B & S filed an Exception of Prematurity on the grounds that Reeves had failed to present his claim for informal resolution prior to filing suit. See LSA-R.S. 23:1314. The trial court granted the Exception and dismissed B & S without prejudice.
B & S remained dismissed from the lawsuit until October, 1991, when it was served with the original, first, second and third amending and supplemental petitions by the plaintiff. Prior to B & S being served with these pleadings, plaintiff filed on February 6, 1991, his Second Amending Petition alleging for the first time that Exxon (who was also named as an original defendant) was his co-employer with B & S, alternatively Exxon was Reeves’ statutory employer. Responding, Exxon filed a Peremptory Exception of Res Judicata on the grounds that Reeves had previously filed an identical lawsuit in the United States District Court for the Eastern District of Louisiana, which had been dismissed. Accordingly, the trial court granted Exxon’s exception and, on its own motion, granted an Exception of No Cause of Action dismissing all claims against Exxon, including those asserted by Reeves for worker’s compensation benefits.
B & S filed a Peremptory Exception of Prescription which was heard on April 16, 1992, the trial court, relying on Batson v. Cherokee Beach and Campgrounds, Inc., 530 So.2d 1128 (La.1988), granted the Exception on the ground that the prescriptive period began anew when B & S was dismissed on April 18, 1988.
From this judgment Reeves has appealed.
The applicable prescriptive period for a claim for worker’s compensation benefits is one year. LSA-R.S. 23:1209. Furthermore, where a lawsuit is involuntarily dismissed without prejudice, the prescriptive period commences to run anew and the claimant is afforded the full prescriptive period to commence a new action. In Bat-son, cited earlier, the Louisiana Supreme Court explained the effect of a dismissal without prejudice, stating:
... Prescription is continually interrupted while the suit is pending, as long as the suit was commenced in a court of *710 competent jurisdiction and venue and plaintiff does not abandon, voluntarily dismiss or fail to prosecute this suit at trial. La.Civ.Code Arts. 3462 and 3463. If prescription has been interrupted and the suit is subsequently involuntarily dismissed without prejudice, the prescriptive period begins to run anew and plaintiff has the full prescriptive period to commence the new action. (At 1130.)
B & S remained excluded from this lawsuit from its dismissal in April, 1988, until October, 1991, when it was served with various pleadings asserting claims against it.
Reeves’ argument on appeal is that B & S was solidarily liable with Exxon and, therefore, the claim for worker’s compensation benefits against Exxon interrupted prescription against B & S. He contends that Exxon was his statutory employer and, therefore, solidarily liable with B & S. Interestingly the record reflects this assertion is made for the first time in February, 1991, after Reeves’ claim had prescribed.
In order to avoid prescription by claiming solidary liability, plaintiff bears the burden of proving this solidary relationship. Carolina v. Curry, 473 So.2d 355 (La.App. 5th Cir.1985). After reviewing the record we cannot find any facts placed into evidence to establish proof that B & S and Exxon were solidarily liable for worker’s compensation benefits. This void defeats plaintiff’s claim.
For these reasons, we reach the same conclusion as the trial court and affirm its judgment dismissing plaintiff’s suit on the grounds that the claim for worker’s compensation against B & S has prescribed.
AFFIRMED.