544 So.2d 737 (1989)
Vivian VALERIE, Plaintiff-Appellant,
v.
Lynn E. FORET, M.D., a Professional Medical Corporation, Defendant-Appellee.
No. 88-265.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Robert E. Patrick, Vivian Valerie, in Pro. Per., Lake Charles, for plaintiff-appellant.
Brame, Bergstedt & Brame, John E. Bergstedt, Lake Charles, for defendant-appellee.
Before FORET, YELVERTON and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not the trial court was correct in sustaining defendant's peremptory exception of prescription and dismissing plaintiff's suit for medical malpractice.
On January 14, 1986, Vivian Valerie (hereinafter plaintiff) filed a complaint against Dr. Lynn Foret (hereinafter defendant) with the Louisiana Commissioner of Insurance. This complaint alleged that defendant had committed medical malpractice in the treatment of plaintiff by performing surgery on the wrong knee. A Medical Review Panel was convened and rendered a written opinion in favor of the defendant on November 6, 1986. Copies of this opinion were sent by certified mail and were received by counsel for the plaintiff on November 9, 1986. Plaintiff filed this suit for damages on March 16, 1987, alleging that defendant had committed medical malpractice. *738 Defendant filed a peremptory exception of prescription on March 30, 1987, maintaining that plaintiff's claim had prescribed according to the provisions of La.R. S. 9:5628(A) and 40:1299.47(A)(2). After a hearing, the trial court took defendant's peremptory exception of prescription under advisement. On January 28, 1988 the trial court assigned written reasons for judgment, rendered judgment sustaining defendant's exception of prescription, and ordered plaintiff's suit dismissed at her costs. A formal written judgment of dismissal was signed. This timely devolutive appeal followed. We affirm.

FACTS
On March 6, 1985, plaintiff entered St. Patrick's Hospital in Lake Charles, Louisiana as a patient. She signed a consent form authorizing her doctor, the defendant, to perform surgery upon her. On March 7, 1985, defendant performed surgery on plaintiff's right knee. Plaintiff awoke from her operation claiming that the defendant had operated on the wrong knee. On January 14, 1986, plaintiff filed a complaint with the Commissioner of Insurance and a Medical Review Panel was convened according to the provisions of the Louisiana Medical Malpractice Act found at La.R.S. 40:1299.47. The review panel rendered its opinion in favor of defendant on November 6, 1986 and sent copies of its written decision to counsel for the parties by certified mail. On November 9, 1986, the opinion was received by counsel for the plaintiff. Plaintiff filed suit in forma pauperis on March 16, 1987, alleging that the defendant had committed medical malpractice. Defendant filed a peremptory exception of prescription on March 30, 1987, maintaining that plaintiff's petition had prescribed according to the provisions of La.R.S. 9:5628(A) and 40:1299.47(A)(2). Defendant contends that La.R.S. 9:5628 only provides plaintiff one year, commencing from the date of the alleged malpractice, to file suit for damages based in tort and, for this reason, that plaintiff's claim prescribed on March 7, 1986 unless prescription was interrupted by a timely filed suit. Defendant concedes that La.R.S. 40:1299.47(A)(2) provides that the filing of a request for medical review does suspend the time within which suit must be instituted. However, defendant argues that the period of suspension provided by this statute is only 90 days after the date of plaintiff's receipt by certified mail of notice of the Medical Review Panel's opinion. For this reason defendant contends that plaintiff's right to institute suit on her claim expired, at the latest, on February 9, 1987. The trial court granted defendant's peremptory exception of prescription on January 28, 1988 and assigned written reasons for its judgment. In its reasons, the trial court stated:
"With the initial one year period of prescription ending on March 6, 1986, plaintiff must rely on the statutory suspensive period if her suit is to be found timely. Understanding that the review panel's notice was received by counsel on November 8, 1986, and that it had been sent by certified mail, this court concludes that plaintiff had until February 6, 1987 to institute her suit. Because this suit was not filed until March 16, 1987, the defendant's exception of prescription will be maintained."
A judgment of dismissal was signed on February 1, 1988. A timely devolutive appeal was taken on February 23, 1988.

LAW
The Louisiana Medical Malpractice Act contains La.R.S. 9:5628 and 40:1299. La.R. S. 9:5628(A) concerns the prescription period in actions for medical malpractice. It provides, in pertinent part, that all actions, whether based in tort, contract or otherwise, against any physician, who is covered by the act, for damages caused by injury or death arising out of patient care, must be brought within one year of the alleged act, omission or neglect. La.R.S. 40:1299.47(A)(1) provides that all medical malpractice claims not submitted to a lawful arbitration procedure shall be reviewed by a medical review panel. La.R.S. 40:1299.47(A)(2)(a) concerns the suspensive period for prescription which takes effect when a request has been made for medical review of a claim involving a qualified health care *739 provider. This statute establishes that the time within which suit must be instituted is suspended until 90 days following receipt by certified mail of notice of the Medical Review Panel's opinion by the claimant or his counsel.
From the record it is clear that the plaintiff apparently failed to institute her suit within the one year prescriptive period established in La.R.S. 9:5628(A). The trial court then correctly noted that its next inquiry was whether La.R.S. 9:5628 has been suspended by any intervening event, such as the date of formation of a medical review panel in the case of Fontenot v. Opelousas General Hosp., 503 So.2d 709 (La.App. 3 Cir.1987), writ den., 505 So.2d 62 (La.1987). We note the trial court's finding that the defendant was a qualified health care provider is not disputed and that the Louisiana Medical Malpractice Act was thus applicable to plaintiff's claim. We also note the date on which the notification of the Medical Review Panel's opinion was received by plaintiff's counsel by certified mail was stipulated as November 9, 1986, and not November 8, 1986, the date upon which the trial court began to compute the 90 day period. According to La.C.C.P. Art. 5059 and LSA-C.C. Art. 3454, the date of the act is not counted in computing a period of time allowed or prescribed by law. Counting the first day plaintiff had to file suit as beginning on November 10, 1986, the ninetieth day falls on Saturday, February 7, 1987. Because Saturdays and Sundays are legal holidays, we find that the plaintiff had until, at the latest, February 9, 1987 to institute her suit. See La.R.S. 1:55 and La.C.C.P. Art. 5059.
Plaintiff places great reliance on the case of Hernandez v. Lafayette Bone & Joint Clinic, 467 So.2d 113 (La.App. 3 Cir.1985) which can be clearly distinguished on its facts from the instant case. In that case, the plaintiff filed suit for medical malpractice within the one year prescriptive period. One week later, plaintiff filed a request for a medical review panel to review the claim. A few months later, the defendant filed a dilatory exception of prematurity and the trial court dismissed the suit. After a plea of prescription was urged to a second suit the court found that:
"While the first suit was pending, prescription was in a state of continuous interruption. At the time that suit was dismissed without prejudice, the running of prescription was also in a state of suspension by virtue of R.S. 40:1299.47(A)(2)(a). This suspension ended on November 12, 1983, which was 90 days from the date of notification of the review panel's opinion. Plaintiff had one year from November 12, 1983, to file suit, and suit was filed on December 16, 1983. The suit was timely and the exception of prescription should have been overruled." Hernandez v. Lafayette Bone & Joint Clinic, 467 So.2d 113, at page 115 (La.App. 3 Cir.1985).
In the instant case, the plaintiff had not filed a lawsuit before she instituted a request for a medical review panel decision. In order to timely file her lawsuit, plaintiff would have had to institute suit by February 9, 1987. She did not file her suit until March 16, 1987. Therefore, defendant's peremptory exception of prescription was properly maintained by the trial court. We find no manifest error in the findings of the trial court, and for this reason the judgment of the trial court is affirmed.
All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.