599 So.2d 896 (1992)
Helen STAMP
v.
Dr. I.C.A. OKPALOBI.
No. 91-CA-1523.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
*897 Errol B. Conley, Elaine S. Conley, Conley and Conley, New Orleans, for plaintiff/appellant.
Joseph K. West, Bryan, Jupiter, Lewis & Blanson, and Andrew A. Lemeshewsky, New Orleans, for defendant/appellee.
Before BARRY, KLEES and PLOTKIN, JJ.
BARRY, Judge.
Plaintiff Helen Stamp appeals the dismissal of her medical malpractice suit based on prescription. We reverse.
Ms. Stamp had an abortion by Dr. Ifeanyi Okpalobi on February 21, 1989 and a resultant dilation and curettage on February 28, 1989. She submitted her malpractice claim to a medical review panel in March, 1989 and a decision was not rendered until June 15, 1990 which her counsel received by certified mail on June 26, 1990. She filed suit on September 28, 1990. The dates are not disputed.
The prescriptive period in medical malpractice actions is set forth in La.R.S. 9:5628 A, which provides in pertinent part:
No action for damages or injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect or within one year from the date of discovery of the alleged act, omission or neglect....
All malpractice claims against health care providers covered by the medical malpractice act (other than claims submitted to binding arbitration) shall be reviewed by a medical review panel. La.R.S. 40:1299.47 A(1).
La.R.S. 40:1299.47 A(2)(a) provides in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel....
A period of suspension is not counted toward the accrual of prescription. La.C.C. art. 3472 provides:
The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension.
See also Hernandez v. Lafayette Bone & Joint Clinic, 467 So.2d 113 (La.App. 3rd Cir.1985).
The trial court correctly noted in its reasons for judgment that R.S. 40:1299.47 A(2)(a) suspended the one year prescriptive period (La.R.S. 9:5628 A) for 90 days following plaintiff's receipt by certified mail of notice of the review panel's opinion. However, the court erroneously concluded: "In this case, the prescriptive period began to run on June 26, 1990; therefore, the case prescribed on September 24, 1990, four days before suit was filed."
Apparently the trial court relied on Valerie v. Foret, 544 So.2d 737 (La.App. 3rd Cir.1989) in which the negligent act occurred on March 7, 1985, the plaintiff filed her complaint on January 14, 1986, the review panel's decision was received on November 9, 1986 and suit was filed March 16, 1987. The Third Circuit properly clocked the 90 day period from November 9, 1986, when the review panel's decision was received, but erroneously concluded *898 that February 9, 1987 was the latest date she could file suit. Approximately ten months lapsed between the alleged negligence and filing of the complaint which suspended the running of prescription. Ninety days thereafter the prescriptive period resumed. At that point the plaintiff had almost two months to file suit.
Ms. Stamp filed her claim with the medical review board one month after the alleged malpractice. Prescription was suspended from that time in March, 1989 until 90 days after receipt of the panel's opinion (June 26, 1990) on September 24, 1990. See generally Kaltenbacher v. Jefferson Parish Service District, 424 So.2d 435 (La. App. 5th Cir.1982). Ms. Stamp had approximately 11 months from September 24, 1990 file suit. See Graham v. St. Charles General Hospital, 590 So.2d 818 (La.App. 4th Cir.1991). Ms. Stamp's September 28, 1990 lawsuit was timely.
The judgment maintaining the exception of prescription is reversed.
REVERSED.