676 So.2d 882 (1996)
Rosalyn SAVOY, Plaintiff-Appellant,
v.
UNIVERSITY MEDICAL CENTER, Defendant-Appellee.
No. 95-1496.
Court of Appeal of Louisiana, Third Circuit.
July 10, 1996.
*883 Kent Mercier, Lafayette, for Rosalyn Savoy.
Sydney Picou-Kendrick, St. Francisville, for University Medical Center.
Before YELVERTON, COOKS, DECUIR, SULLIVAN and GREMILLION, JJ.
DECUIR, Judge.
Rosalyn Savoy appeals the judgment of the district court sustaining the exception of prescription filed by University Medical Center. We affirm.
On June 21, 1991, Savoy sought medical treatment at University Medical Center. Savoy was approximately nine weeks pregnant and was experiencing vaginal bleeding. She subsequently miscarried the fetus.
University Medical Center is a state health care provider pursuant to the provisions of La.R.S. 40:1299.39, et seq. The statute requires that all malpractice claims against state health care providers be submitted to the Division of Administration. On June 19, 1992, Savoy filed a petition for medical review panel with the Patient's Compensation Fund, the agency to which claims against private health care providers are to be submitted. The Patient's Compensation Fund thereafter notified Savoy that the named defendant, University Medical Center, was not a qualified health care provider with the Patient's Compensation Fund under the provisions of La.R.S. 40:1299.41, et seq. Savoy's petition was not submitted to the proper agency until after her claim had prescribed. Savoy argues that prescription was interrupted by virtue of La.R.S. 40:1299.47A(2)(a), which provides for a suspension or interruption of prescription against health care providers who are not "qualified" health care providers under the act, and contends that the trial court erred in failing to apply these provisions in the case sub judice. The flaw in Savoy's argument is that defendant is not a "qualified" health care provider under La. R.S. 40:1299.41, et seq. because it is a state or public health care provider, not a private health care provider. The defendant is however a "qualified" health care provider under the provisions of the Public Act.
La.R.S. 40:1299.41, et seq. applies to private health care providers and cannot be relied upon to interrupt or suspend prescription in a claim against a public health care provider. Our legislature has enacted two separate medical malpractice statutes:
1. The Public ActLa.R.S. 40:1299.39, et seq. located in Part XXI-A of Title 40 under the heading "Malpractice Liability for State Services;" and
2. The Private ActLa.R.S. 40:1299.41, et seq. located in Part XXIII of Title 40 under the heading "Medical Malpractice."
Each statute contains its definition of qualified and non-qualified health care providers and its own suspension of prescription provision. The provision upon which Savoy relies is contained within the Private Act. However, since Savoy's claim is one against a public health care provider, the Public Act, La.R.S. 40:1299.39, et seq. is applicable. Thus, we find no error in the trial court's refusal to apply the provisions Savoy seeks to invoke under the Private Act in a claim against a public health care provider. To allow Savoy to invoke the provisions of the Private Act because her claim is prescribed under the applicable provisions of the Public Act would render these statutes meaningless.
*884 Furthermore, we note that the second circuit in Burdeaux v. Cline, 626 So.2d 1205 (La.App. 2 Cir.1993), writ denied 634 So.2d 833 (La.1994), was faced with the identical issue now before this court, i.e. whether prescription is suspended by filing of a request for review with the wrong agency. The plaintiffs in Burdeaux filed their malpractice claim against private health care providers with the Division of Administration instead of the Commissioner of Insurance (now the Patient's Compensation Fund). The second circuit held in effect, as we do, that filing with the wrong agency has no effect on the running of prescription, stating that the duty rests with the plaintiff to timely file with the proper agency.
The judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.
YELVERTON, J., dissents for the reasons assigned by COOKS, J.
COOKS, Judge, dissenting.
There are two separate medical malpractice provisions found in two different Parts of Chapter 5 of Title 40, Public Health and Safety: (1) Part XXI, sometimes referred to as the Public Act, found in La.R.S. 40:1299.38 to 40:1299.39.1, and (2) Part XXIII, sometimes referred to as the Private Act, found in La.R.S. 40:1299.41 to 40:1299.48. Under La. R.S. 40:1299.47(A)(2)(a) of Part XXIII, the Private Act,
"The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part...." (Emphasis supplied.)
La.R.S. 40:1299.41(D) provides:
A health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part. If a health care provider does not so qualify, the patient's remedy will not be affected by the terms and provisions of this Part, except as hereinafter provided with respect to the suspension and the running of prescription of actions against a health care provider who has not qualified under this Part when a claim has been filed against the health care provider for review under this Part. (Emphasis supplied.)
By its clear language, there are two different periods of suspension provided for in La.R.S. 40:1299.47(A)(2)(a): (1) ninety days following notification of the opinion of the medical review panel for qualified health care providers under the Private Act, and (2) sixty days following notification that the health care provider is not covered by the Private Act for health care providers not qualified under the Private Act. This makes sense because a health care provider not qualified under the Private Act could not be sued under the Private Act.
The majority cites Burdeaux, 626 So.2d 1205, for the proposition that the filing with the wrong agency has no effect on the running of prescription. In that case the plaintiff filed a claim with the Division of Administration which should have been filed with the Commissioner of Insurance (now the Patients' Compensation Fund). However, that court failed to recognize that prescription was suspended for a health care provider who is not qualified when a medical review panel has been timely sought. See Fontenot v. Opelousas General Hosp., 503 So.2d 709 (La.App. 3 Cir.), writ denied, 505 So.2d 62 (La.1987), appeal after remand, 525 So.2d 75 (La.App. 3 Cir.1988), in which a panel of this court fully discussed the issues of prescription regarding qualified and non-qualified *885 health care providers. In that case this court found that the law recognizes two classes of potential medical malpractice defendants: (1) those who are "qualified" under La.R.S. 40:1299.41 et seq. and (2) those who are not "qualified." The court further found that the law provides that when a medical review panel has been timely sought against a non-qualified health care provider, prescription does not expire until 60 days following notification by certified mail to the claimant or his/her attorney by the commissioner that the health care provider is not covered by La.R.S. 40:1299.41 et seq.
The majority agrees that University Medical Center is not a "qualified" health care provider under the Private Act because it is a state or public health care provider. Therefore, it is clear that prescription was interrupted until 60 days following notification by certified mail since University Medical Center was not qualified under the Private Act.
Savoy's initial petition for a medical review panel was filed on June 19, 1992. The prescription period had not run. On June 30, 1992, she received a letter from the Patients' Compensation Fund stating that the University Medical Center was not a qualified health care provider. She refiled her petition on July 27, 1992, with the Division of Administration. Her action did not prescribe.