692 So.2d 581 (1997)
Agnes J. BORDELON, Plaintiff-Appellant,
v.
Dr. Bernard KAPLAN, Defendant-Appellee.
No. 96-1205.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
Darrel Dee Ryland, Joseph Blaise Treuting, Marksville, for Agnes J. Bordelon.
Charles Jerome Boudreaux, Jr., Lafayette, for Dr. Bernard Kaplan.
Before DECUIR, AMY and SULLIVAN, JJ.
SULLIVAN, Judge.
Agnes J. Bordelon filed a medical malpractice claim against Dr. Bernard L. Kaplan, alleging that Dr. Kaplan negligently performed a simple mastectomy of her left breast without her informed consent and before he received a pathology report indicating that no malignancy was present.
Ms. Bordelon initially filed her claim with the Division of Administration, the agency that oversees claims against state health care providers qualified under La.R.S. 40:1299.39 et seq., entitled "Malpractice Liability for State Services." Dr. Kaplan, however, was a qualified provider under the "private" malpractice act, La.R.S. 40:1299.41 et seq., which requires that claims against such providers be filed with the Patient's Compensation Fund Oversight Board. After notification from the Division of Administration that Dr. Kaplan was not qualified under the "public" act, Ms. Bordelon waited one year and four months before she filed her claim with the Patient's Compensation Fund. The trial court sustained Dr. Kaplan's exception of prescription, and Ms. Bordelon appeals.

Procedural History
On March 8, 1993, Ms. Bordelon filed a request for a medical review panel with the Division of Administration, alleging that Dr. Kaplan committed certain acts of medical *582 malpractice between October 19, 1992 and November 5, 1992. On March 12, 1993, the Commissioner of Administration notified Ms. Bordelon by certified mail that Dr. Kaplan was not a qualified state health care provider under the "public" malpractice act, La.R.S. 40:1299.39 et seq. Ms. Bordelon's attorney received this notice on March 15, 1993. The Commissioner also forwarded a copy of Ms. Bordelon's complaint to Dr. Kaplan.
On February 26, 1994, Ms. Bordelon's attorney wrote to the Patient's Compensation Fund, inquiring whether Dr. Kaplan was a qualified provider under the "private" medical malpractice act, La.R.S. 40:1299.41 et seq. This request for enrollment information did not include a copy of Ms. Bordelon's complaint against Dr. Kaplan. On March 3, 1994, the Patient's Compensation Fund mailed a copy of Dr. Kaplan's enrollment certificate to Ms. Bordelon's attorney. The certificate indicated that Dr. Kaplan was a qualified provider under La.R.S. 40:1299.41 et seq. at the time of the alleged malpractice.
On July 20, 1994, Ms. Bordelon filed a request for a medical review panel with the Patient's Compensation Fund. On April 12, 1996, Dr. Kaplan filed a rule to dissolve the medical review panel in district court, contending that Ms. Bordelon's claim had prescribed. The trial court agreed and dismissed the claim with prejudice on May 28, 1996.

Analysis
Actions for medical malpractice must be brought within one year from the date of the alleged malpractice or within one year from the discovery thereof, but in all events within three years from the date of the alleged act. La.R.S. 9:5628.
Ms. Bordelon's complaint does not allege any delay in the discovery of the alleged malpractice, nor does she make such an argument on appeal. Hence, the one-year prescriptive period commenced to run no later than the last day of treatment, November 5, 1992. The instant claim with the Patient's Compensation Fund was not filed until July 20, 1994. Because this claim shows on its face that prescription has run, Ms. Bordelon bears the burden of proving an interruption or suspension of prescription. Tullier v. St. Frances Cabrini Hosp., 96-738 (La.App. 3 Cir. 2/5/97); 689 So.2d 529.
La.Civ.Code art. 3447 defines liberative prescription as "a mode of barring of actions as a result of inaction over a period of time." Ms. Bordelon points to her filing with the Division of Administration on March 8, 1993, an action that occurred within the one-year prescriptive period. However, Dr. Kaplan was not a qualified provider under the statute that authorized filing in that agency. Rather, Dr. Kaplan was qualified under another statute that required filing with the Patient's Compensation Fund. Ms. Bordelon did not file her claim with the Patient's Compensation Fund until July 20, 1994, sixteen months after notification that Dr. Kaplan was not qualified with the Division of Administration and over two years after the date of the alleged malpractice. We must, therefore, decide whether the claim with the Division of Administration had any effect upon the tolling of prescription.
In Savoy v. University Medical Ctr., 95-1496 (La.App. 3 Cir. 7/10/96); 676 So.2d 882, writ granted and reversed, 96-2074 (La.11/15/96); 682 So.2d 747, the plaintiff alleged the malpractice of state health care provider qualified under "public" act, La.R.S. 40:1299.39 et seq. However, she first filed her claim with the Patient's Compensation Fund rather than the Division of Administration. Upon notification from the Patient's Compensation Fund that the defendant was not a qualified provider under the "private" act, the plaintiff refiled her claim with the Division of Administration. This second filing occurred within the suspension of prescription under La.R.S. 40:1299.47(A)(2)(a), but beyond the date her claim would have prescribed if she took no action. Relying on Burdeaux v. Cline, 626 So.2d 1205 (La.App. 2 Cir.1993), writ denied, 93-3132 (La.2/11/94); 634 So.2d 833, we held that the plaintiff's claim had prescribed:
The second circuit [in Burdeaux] held in effect, as we do, that filing with the wrong agency has no effect on the running of prescription, stating that the duty rests with the plaintiff to timely file with the proper agency.
*583 Savoy, 95-1496, p. 3; 676 So.2d at 884 (emphasis added). The supreme court disagreed, granting the plaintiff's application for writs and reversing our opinion in the following per curiam:
Granted. Judgment of the court of appeal is reversed. Exception of prescription is denied. La.R.S. 40:1299.47A(2)(a) applies to the facts of this case. Case is remanded to the district court for further proceedings.
Savoy, 96-2074; 682 So.2d 747 (emphasis added).
La.R.S. 40:1299.47(A)(2)(a) provides that the filing of a claim under the "private" act suspends the time within which suit must be filed until ninety days after notification of the medical review panel's opinion or until sixty days after notification that the defendant is not a qualified provider under the act. In Savoy, the plaintiff refiled her claim with the Division of Administration twenty-seven days after receiving notice that the defendant was not qualified with the Patient's Compensation Fund. At that time, the period of suspension authorized by that statute had not terminated; therefore, prescription had not commenced to run again. La.Civ.Code art. 3472.
In light of Savoy, we can no longer conclude that the filing of a medical malpractice claim in the "wrong" or "improper" agency has no effect on the running of prescription. Rather, the plaintiff will be afforded the suspension of prescription in the act under which the claim is filed, even if the defendant is a qualified provider under the other act.
In the instant case, Ms. Bordelon timely filed a claim against Dr. Kaplan with the Division of Administration. La.R.S. 40:1299.39.1(A)(2)(a) of the "public" act provides:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the state medical review panel, in the case of the state or persons covered by this Part, or, in the case of a health care provider against whom a claim has been filed under the provisions of this Part who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the commissioner that after requesting evidence of such qualifications under this Part and waiting the passage of at least ninety days, the commissioner has not received a certificate or other evidence sufficient to establish that the person is covered by this Part.

(Emphasis added.)
The filing of a medical malpractice claim suspends rather than interrupts the liberative prescription period. Wimberly v. Schumpert Medical Center, 25,957 (La.App. 2 Cir. 8/17/94); 641 So.2d 1016, writ denied, 94-2311 (La.12/19/94); 648 So.2d 401. At the termination of the period of suspension, prescription commences to run again. Stamp v. Okpalobi, 599 So.2d 896 (La.App. 4 Cir.1992).
Ms. Bordelon's claim was filed on March 8, 1993, approximately four months after the last date of the alleged malpractice. On March 15, 1993, she received notice that Dr. Kaplan was not qualified with the Division of Administration. Although the statute contemplates that the commissioner will wait ninety days before such notification, we do not read the statute as requiring this delay when the commissioner has evidence that the provider is not qualified under the act. Accordingly, prescription began to run again sixty days after Ms. Bordelon's attorney received this notice. Upon expiration of the sixty days, Ms. Bordelon had approximately eight months, the time remaining in the prescriptive period, to toll prescription again. Stamp, 599 So.2d 896. Her claim with the Patient's Compensation Fund, filed sixteen months after this notification, was too late.
Under Savoy, Ms. Bordelon's filing with the Division of Administration had the effect of suspending prescription. However, that suspension was not indefinite. As the trial court astutely observed, "under any scenario waiting sixteen (16) months after you are notified that you are in the wrong jurisdiction on a one year prescriptive cause of action *584 is going to get you out of court." We find no error in the trial court's ruling.
For the above reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
DECUIR and AMY, JJ., concur in the result.