| iSAUNDERS, Judge.
Plaintiff, Matthew Baum, appeals the judgment of the district court sustaining the exception of prescription filed by the State of Louisiana, Northwestern State University. For the following reasons, we reverse.

FACTS

On April 14, 1994, Baum sought treatment at the Natchitoches Parish Hospital. There, he was seen by Dr. Zev David Nash. After an examination, Dr. Nash discharged Baum and diagnosed him with possible gastroenteritis and abdominal pain.
|2On April 15, 1994, Baum sought treatment at the infirmary at Northwestern State University. There, as indicated by notes, Baum was given medications to take but was not referred to a physician or hospital for further evaluation.
Later the same day, on April 15, 1994, Baum called 911 for assistance due to continuing severe abdominal pain. He was then transported to Natchitoches Parish Hospital Emergency Room, where he was diagnosed with a ruptured appendix. He was immediately transferred to Saint Francis Cabrini Hospital in Alexandria, Louisiana, where he underwent surgery for the ruptured appendix.
Thereafter, Baum was hospitalized on April 28, 1994, due to complications arising from the surgery and again was required to undergo surgical intervention.
On April 12, 1995, plaintiff filed a request for the creation of a panel in a medical malpractice case against Dr. Nash. On March 25, 1996, the Medical Review Panel rendered an opinion. However, notification of the panel’s opinion was not received by Baum until on April 15,1996, approximately three weeks later.
On May 16, 1996, plaintiff filed a petition for damages captioned Matthew S. Baum v. Zev David Nash, M.D. Plaintiff filed a First Supplemental and Amending Petition for Damages adding Northwestern State University on June 10, 1996. Northwestern responded by filing an exception of prescription, citing La.R.S. 9:5628 and further alleging that plaintiff failed to timely request a Medical Review Panel. The district court sustained the exception of prescription in a judgment dated December 11, 1996.
Plaintiff appeals urging that the filing of his action under La.R.S. 40:1299.41 et seq, suspends prescription against all solidary ob-ligors (even unserved persons not subject to suit under the Private Act) and thus, the trial court erred in sustaining defendant’s exception of prescription.

JjISSUE PRESENTED

The issue presented to this court is whether the trial court erred in granting the exception of prescription in favor of Northwestern State University.
La.R.S. 9:5628 provides in pertinent part: § 5628. Actions for medical malpractice
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.4(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to *767 claims filed -within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
However, prescription can be interrupted or suspended according to La.R.S. 40:1299.41(G) which provides:
G. Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).
La. R.S. 40:1299.47(A)(2)(a), dealing with the medical review panel provides:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of issuance of the opinion by the medical review panel, in the ease of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and unqualified, to the same extent that Lpreseription is suspended against the party or parties that are the subject of the request for review.
(Emphasis ours.)
Defendant points out that there are two separate medical malpractice provisions contained in two different parts of Chapter 5 of Title 40, Public Health and Safety: (1) Part XXI commonly referred to as the Public Act, in La.R.S. 40:1299.38 to 40:1299.1, and (2) Part XXIII, commonly referred to as the Private Act, in La.R.S. 40.1299.41 to 40:1299.48. While, each act contains its own suspension of prescription provision, La.R.S. 40:1299.47(A)(2)(a) and La.R.S. 40:1299.39.1(A)(2)(a) respectively, both track the same language. Defendant maintains that because each act contains its own suspension of prescription provision, each statute only pertains to each sector, either private or public. Moreover, defendant suggests that to allow plaintiff in this action to base suspension of the prescriptive period on the provisions of the Private Act when his claim has prescribed under the applicable provisions of the Public Act, would render the statute meaningless. In support of its position, defendant cites Savoy v. University Medical Center, 95-1496 (La.App. 3 Cir. 7/10/96); 676 So.2d 882; reversed; 96-2074 (La.11/15/96); 682 So.2d 747. However, defendant’s reliance upon Savoy is misplaced. In Savoy, plaintiff filed a petition for medical malpractice with the Patient’s Compensation Fund, the agency to which claims against private health care providers are submitted. However, because the named defendant, University Medical Center, was a qualified health care provider under the provisions of the Public Act, the Patient’s Compensation Fund notified plaintiff that she had filed her claim with the wrong agency. Unfortunately, Savoy did not submit a petition to the proper agency until her claim had prescribed. At this juncture, Savoy argued that prescription was interrupted by her filing a claim under La.R.S. 40:1299.47(A)(2)(a).
In Savoy, 676 So.2d at 883, this court reasoned:
|sLa.R.S. 40:1299.41, et seq. applies to private health care providers and cannot be relied upon to interrupt or suspend prescription in a claim against a public health care provider. Our legislature has enacted two separate medical malpractice statutes....:
Each statute contains its definition of qualified and non qualified health care providers and its own suspension of prescription provision. The provision upon which Savoy relies is contained within the Private Act. However, since Savoy’s claim is one against a public health care provider, the *768 Public act La.R.S. 40:1299.39, et Seq. is applicable. Thus, find no error in the trial court’s refusal to apply the provisions Savoy seeks to invoke under the Private Act in a claim against a public health care provider. To allow Savoy to invoke the provisions of the Private Act because her claim is prescribed under the applicable provisions of the Public Act would render these statutes meaningless.
Clearly the facts in Savoy are distinguishable from the present case. In the case sub judice, plaintiff filed with.the correct agency within the prescriptive period, and thereafter, by supplemental and amending petition, added a non-qualified party. Moreover, our supreme court- has rejected the reasoning set forth in Savoy by reversing the decision denying the exception of prescription reasoning that La.R.S. 40:1299.47(A)(2)(a) was applicable.
Under the clear language of the statute, we find that the filing of a claim with the medical review panel suspends prescription with regard to non-named solidary obligors to the same extent that it is suspended for those named in the request by the panel. There are two different periods of suspension provided for in La.R.S. 40:1299.47(A)(2)(a) of the Private Act. The first being ninety days following notification of the opinion of the medical review panel for qualified health care providers under the private act, and the second being sixty days following notification that the health care provider is not covered by the Private Act for health care providers not qualified under the Private Act.
In the instant case, prescription against the named defendant, Dr. Zev Nash, a qualified health care provider, was suspended until ninety days following notification of the medical review panel’s opinion, which was rendered on March 25, 1996. ¡¡¡Notification of the panel’s decision was not received by Baum until April 25, 1996. Plaintiff’s original petition for damages against Dr. Zev David Nash was filed on May 16, 1996, and a First Supplemental and Amending Petition for Damages adding Northwestern State University on June 10, 1996. Accordingly, plaintiff’s claim against Northwestern did not prescribe as plaintiff had ninety days from April 25, 1996, to file suit against non-named solidary obligors.

CONCLUSION

For the foregoing reasons the judgment of the trial court is reversed and this case is remanded for further proceedings. All costs of this appeal are assessed to appellants.
REVERSED AND REMANDED.