745 So.2d 632 (1999)
Felicia SEMIEN, Plaintiff/Appellee,
v.
Dr. Andre PINAC, III, Defendant/Appellant.
No. 98-1350.
Court of Appeal of Louisiana, Third Circuit.
July 7, 1999.
Writ Denied December 10, 1999.
*633 Mack Irvin Frank, Eunice, for Felicia Semien.
Marc W. Judice, Lafayette, for Dr. Andre L. Pinac III.
SAUNDERS, Judge.
This appeal arises out of a surgical procedure performed on Felicia Semien, hereinafter "Plaintiff," by Dr. Andre L. Pinac, III, hereinafter "Defendant." Plaintiff filed a claim within the prescriptive one year period from the date of the alleged malpractice with the Louisiana Patients' Compensation Fund, and then, outside of the one year prescriptive period, she filed her claim with the Division of Administration, pursuant to recently amended La. R.S. 40:1299.47(A)(2)(a). Defendant brought an exception of prescription which the trial court denied; he then sought the supervisory jurisdiction of this court through a writ, which was also denied. Defendant appealed to the Louisiana Supreme Court, which granted writs and has remanded the matter to this court for briefing, argument and opinion.

FACTS
Plaintiff underwent a diagnostic laparoscopy and chromotubation of oviduct performed by Defendant on November 13, 1996. Plaintiff argues that she consented to the surgical procedure to be performed through her navel. Plaintiff alleges Defendant made an incision on her abdomen, scarring her. She filed a complaint for medical malpractice.
The parties do not dispute that the date of the alleged malpractice is November 13, 1996. The trial judge included in his findings of fact the following: Plaintiff initially, by certified mail, sent her complaint on November 11, 1997, which was received by the Louisiana Patients' Compensation Fund (LPCF) on November 12, 1997; she was informed by the LPCF, by letter dated November 19, 1997, that all requests for review of malpractice claims must be filed with the Division of Administration; Plaintiff then forwarded the returned complaint to the Division of Administration on November 25, 1997, which was received on December 2, 1997.

LAW AND ANALYSIS
In his application for supervisory review, Defendant asserts four specifications of error were made by the trial court. Defendant argues the trial judge erred in denying its exception of prescription since Plaintiffs action was not properly filed within one year of the alleged malpractice or discovery of the same, pursuant to La. R.S. 9:5628. Defendant's assignments of error collectively assert that the trial judge erroneously relied on Bordelon v. Kaplan, 96-1205 (La.App. 3 Cir. 3/5/97); 692 So.2d 581, to conclude that the application of the recently amended La.R.S. 40:1299.47(A)(2)(a) to this plaintiff would be an improper retroactive application of a *634 new law, depriving Plaintiff of a substantive right. La.R.S. 40:1299.47(A)(2)(a) was amended by Act 664 of the 1997 Regular Session, effective August 15, 1997, and now provides:
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription.
(Emphasis added.)
In most cases where prescription is at issue, the guiding principle is as follows:
`Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiffs petition shows on its face that the prescriptive period has run, and the plaintiff relies upon a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption.'
Tullier v. St. Frances Cabrini Hosp., 96-738 (La.App. 3 Cir. 2/5/97); 689 So.2d 529, 530, quoting Burdeaux v. Cline, 626 So.2d 1205, 1207 (La.App. 2 Cir.1993), writ denied, 93-3132 (La.2/11/94); 634 So.2d 833.
In the matter sub judice, the trial judge found Plaintiff timely filed her claim within the one year prescriptive period with the LPCF, but did not file with the Division of Administration timely. Noting that prescriptive statutes are to be strictly construed against prescription and liberally construed in favor of allowing a litigant a day in court, the trial judge concluded, "[c]hanging the law to require her to file her claim with a different agency (in midstream) during that (1) one year period is definitely a substantive change." La.Civ. Code art. 6 provides for the retroactivity of laws: "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." The trial judge concluded that application of the amended language of La.R.S. 40:1299.47(A)(2)(a) to this plaintiff would be an improper retroactive application of a substantive change in the law.
Plaintiff had a right to bring her complaint for one year after she knew of the alleged negligence; she initiated her proceedings within that time frame, but failed to file in the proper place. The amendment provided two changes pertinent to this matter, first that the proper place for filing a claim is with the Division of Administration and secondly, filing elsewhere will not serve to interrupt prescription. These two changes, applied to this Plaintiff, would unreasonably deprive her of a substantive right. A review of the jurisprudence and the policy considerations support this conclusion.
Prescription statutes find their justification in the desire to avoid unfair prejudice to the defendant by requiring him to defend a stale claim and to be put to a defense after memories have faded, witnesses *635 are gone, and evidence has been lost; and to avoid prejudice to a defendant who was in ignorance of the asserted obligation.
Odessa House v. Goss, 453 So.2d 299, 302 (La.App.3 Cir.1984).
The Supreme Court in Lott v. Haley, 370 So.2d 521, 523-524 (La.1979), discussed the retroactive application of laws:
[T]he general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights.
It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a pre-existing right. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process.
(Citations omitted.)
In Lott, the plaintiffs cause of action, an alleged malpractice, arose on January 21, 1972, and the prescriptive statute implementing a three year peremptive period, which would have divested the plaintiff of his cause of action, was enacted on September 12, 1975. The Lott plaintiff discovered the negligent act on April 1, 1976, and filed suit on March 21, 1977, over a year after the statute was enacted. The Supreme Court held that to apply the new statute to Lott, would "eliminate plaintiffs vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim." Lott, 370 So.2d at 524.
Henson v. St. Paul Fire and Marine Ins. Co., 354 So.2d 612, 616 (La.App. 1 Cir.1977), writ granted, 356 So.2d 1006 (La.1978), affirmed on different grounds, 363 So.2d 711 (La.1978), explained, "[i]t is true that prescription statutes may be applied to causes of action arising prior to their enactment, at least so long as a reasonable time is given for the assertion of rights, if the legislature so intends." However, in Henson and in the matter before us, the legislature did not make such a provision; therefore, we consider the reasoning used by the court in Henson to determine the legislative intent, to wit:
The general rule is that when a prescriptive period is changed "the time which preceded the change of legislation or altering the period of prescription, should be reckoned according to the ancient law, and that which followed according to the new law." Goddard's Heirs v. Urquhart, 6 La. 659, 674 (1834), accord 1 Planiol, Treatise on the Civil Law, s 248 (translation by the Louisiana State Law Institute, 1959). This solution is very equitable. In the absence of an express legislative intent to the contrary, we believe it is the rule to be followed.
Id.
As acknowledged by the trial judge, before the enactment of the amendment to La.R.S. 40:1299.47(A)(2)(a), prescription was jurisprudentially suspended by the filing of a claim, even if the claim was not *636 filed in the proper place. Bordelon v. Kaplan, 96-1205 (La.App. 3 Cir. 3/5/97); 692 So.2d 581. From the time the cause of action arose, Plaintiff had one year to bring her claim. During the nine months following the alleged negligence, had Plaintiff misfiled her claim as she did here, prescription would have been interrupted, regardless, and Defendant's right to plead prescription would not have vested. Plaintiff, however, filed her claim during the last three months of the one year prescriptive period. We note there is no indication in the record that applying the prior jurisprudential rule to effectuate Plaintiff's claim would prejudice this defendant. We further note a retroactive application of the amendment to Plaintiff would rob her of a day in court. Under these circumstances, we find retroactive application of the amended statute to this plaintiff would deprive her of her substantive right to raise her cause of action against Defendant in that it fails to provide a reasonable time for this plaintiff to assert her rights which pre-existed the enactment by nine months. Accordingly, we affirm the trial court's denial of Defendant's exception of prescription and find Plaintiffs initial filing with the LPCF interrupted the running of prescription.

DECREE
In light of the foregoing, we affirm the trial court's denial of Defendant's exception of prescription. Costs are assessed to Defendant.
AFFIRMED.