| .GUIDRY, J.
This matter comes before us on remand from the Louisiana Supreme Court. Previously, this court reversed the trial court’s action sustaining the peremptory exception of prescription raised by appellees, Dr. Andrew Kucharchuk (“Dr. Kucharchuk”) and Southeastern Orthopedics, Inc. (“Southeastern”) in the medical malpractice claim of appellant, Ben Guitreau. Ap-pellees’ writ application was granted by the supreme court, resulting in remand to this court for consideration of the issue noted in footnote five of LeBreton v. Rabito, 97-2221, p. 7, n.5 (La.7/8/98); 714 So.2d 1226, 1229, n. 5. That issue is “whether the medical malpractice victim gets any period of time that remained unused at the time of the filing of the request for the medical review panel when the ninety-day period of suspension after the decision of the medical review panel is completed.” Id. We now expressly answer the question posed by this issue in the affirmative for the reasons that follow.
FACTS AND PROCEDURAL HISTORY
On August 11, 1992, appellant underwent orthopedic surgery on his left knee, performed by Dr. Kucharchuk. On August 2, 1993, appellant submitted a claim to the medical review panel, alleging that appellees’ medical treatment fell below the standard of care. The medical review panel rendered its opinion on appellant’s claim on March 10,1995.
Appellant filed a petition for damages, naming Dr. Kucharchuk as defendant,[1] in the Twenty-first Judicial District Court in the Parish of Livingston, on May 19, 1995. The petition generally alleged that, on August 11, 1992, Dr. Kucharchuk performed orthopedic surgery on appellant’s left knee, his conduct in performing the surgery fell below the acceptable standard for orthopedic surgeons, Land that the surgery failed to correct appellant’s knee problems and caused additional damage to his knee. The petition did not, however, state the alleged date on which appellant discovered his medical malpractice claim.
*234 On August 25, 1995, appellant filed a first supplemental and amending petition for damages, naming Southeastern as an additional defendant. In the supplemental petition, appellant alleged that Southeastern was a professional medical corporation that employed Dr. Kucharchuk and that, when Dr. Kucharchuk committed the negligent acts, he was within the course and scope of his employment.
On September 20, 1995, appellees filed a declinatory exception pleading the objection of improper venue, and Southeastern filed a dilatory exception pleading the objection of prematurity. Appellees alleged that Dr. Kucharchuk was a resident of and domiciled in East Baton Rouge Parish, Louisiana, and his medical office was located in East Baton Rouge Parish, Louisiana. They further alleged that appellant’s surgery was performed at the Medical Center of Baton Rouge in East Baton Rouge Parish. In addition, they asserted that Southeastern was a Louisiana corporation with its registered office in Baton Rouge, Louisiana. Following a hearing on the declina-tory exception pleading the objection of improper venue, the trial court rendered a judgment, maintaining the exception and transferring the matter to East Baton Rouge Parish for further disposition. Appellant filed an application for supervisory writs with this court, which we denied on May 20,1996.[2]
On August 30, 1996, appellees filed a peremptory exception pleading the objection of prescription, alleging that prescription commenced on the date of appellant’s surgery, August 11, 1992, and appellant filed suit in an improper venue and did not serve appellees until September 15, 1995, which was not within the Lone-year prescriptive period. Following a hearing on the exception, the trial court rendered a judgment in favor of appellees, finding that appellant’s medical malpractice action had prescribed.
In an appeal to this court, appellant alleged several errors in the trial court’s judgment. Upon our initial review of this matter, this court reversed the trial court’s judgment sustaining appellees’ declinatory exception of prescription. We found that prescription in this matter did not commence until November 28, 1992, the date upon which appellant discovered his malpractice claim. Further, we found that prescription tolled until presentation to the medical review panel on August 2, 1993. A total of 252 days had elapsed on the prescriptive period. Thus, on September 15, 1995, appellant’s petition had not prescribed.
We implicitly concluded in our opinion that the prescriptive period was at that point suspended until 90 days following receipt of the medical review panel’s opinion on March 14, 1995. Thus, we found that prescription began to run again on June 13, 1995, until Dr. Kucharchuk was served on September 15, 1995. Finally, we found that Dr. Kucharchuk was served within the remaining 113 days of the prescriptive period. After we reversed the trial court’s judgment maintaining defendant’s peremptory exception of prescription, appellee applied for a writ of certiora-ri to the supreme court. The supreme court granted appellees’ writ application and remanded this matter to this court. Guitreau v. Kucharchuk, 98-0756 (La.11/6/98); 726 So.2d 915.
DISCUSSION
It is well established that medical malpractice claims are delictual actions within the meaning of the provisions of La. C.C. art. 3492. However, medical malpractice claims are not subject to the prescriptive period that generally governs delictual claims. Such claims are governed by special laws established by the [ ¡¡legislature pursuant to Chapter 5 Miscellaneous Health Provisions, Part XXIII, Medical Malpractice, La. R.S. 40:1299.41 et seq. and La. R.S. 9:5628.
*235 La. R.S. 9:5628 provides, in pertinent part, that:
(A.) No action for damages for injury or death against any physician, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Furthermore, La. R.S. 40:1299.47(A)(2)(a) provides, in pertinent part, that:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part ....
The legislature as a part of a comprehensive scheme to regulate medical malpractice claims has provided that a claimant must provoke a medical review panel and receive an opinion from it before he can file suit in a court of law. Everett v. Goldman, 359 So.2d 1256, 1263 (La.1978). Further, La. R.S. 40:1299.47(A)(2)(a) plainly provides that a request for review of a claim “shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification ... to the claimant or his attorney of the issuance of the opinion by the medical review panel[.]” The legislature in enacting this provision of law chose to utilize the term “suspend.” Our supreme court has pointed out that:
Suspension of prescription constitutes a temporary halt to its running. One doctrinal source aptly describes suspension as a period of time in which prescription slumbers. G. Baudier — Lacantinerie & A. Tissier, supra, No. 415, at 221-22. Prescription is suspended for as long as the cause of suspension continues. After the cause for the suspension ends, the prescriptive time begins running and the “time which preeede[d] the suspension is added to the time which follows it to compose the necessary period; only the period of the suspension is | ^deducted.” Id. At the root of the principle of suspension is the recognition that a creditor should not lose his legal claim during a period when enforcement of the claim is prevented. Id., Nos. 368, 389, at 193, 207-08.
LeBreton v. Rabito, 97-2221 at p. 6; 714 So.2d at 1229.
Additionally, it is well established in our civil law tradition that suspension is not counted as a part of the period of prescription. Louisiana Civil Code article 3472 provides: “The period of suspension is not counted' toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension.”
The language of La. R.S. 40:1299.47(A)(2)(a) is clear. It provides that a request for review before a medical review panel “shall suspend the time within which suit must be instituted in accordance with this Part, until ninety days following notification ... to the claimant or his attorney of the issuance of the opinion by the medical review panel[.]” Had the legislature intended this statute to terminate the prescriptive period provided in La. R.S. 9:5628 at the end of the ninety days following receipt of the medical review panel’s opinion, it- could have easily done so. It could have simply said that a claim for medical malpractice must be brought within ninety days of certified receipt of a medical review panel’s opinion. Rather, the legislature has exercised its prerogative to modify the general rules of prescription and expressly provided for a *236 period of suspension that extends from the filing of a claim with the medical review panel until ninety days beyond certified receipt of the medical review panel’s opinion.
We have thoroughly reviewed this matter in the bright light of the choice made by the legislature in providing a period of suspension and not termination, and in light of the principles of suspension inherent in our civil code, and we expressly find that, under the statutory scheme enacted by the legislature, prescription in medical malpractice claims commences and continues to toll until ^presentation of the claim to a medical review panel. At that point, prescription is suspended from the presentation to the medical review panel until ninety days following the claimant’s certified receipt of the medical review panel’s opinion. Upon ninety days after the receipt of the medical review panel’s opinion, the previously suspended period begins to run again. Specifically, after the ninety days following the receipt of the opinion, the claimant gets the remaining days of the prescriptive period unused prior to filing of the claim with the medical review panel. See also Townsley v. Brierty, 97-601, p. 4 (La.App. 3rd Cir.10/29/97); 702 So.2d 1073, 1075; Bordelon v. Kaplan, 96-1205, p. 5 (La.App. 3rd Cir.3/5/97); 692 So.2d 581, 583; Wimberly v. Schumpert Medical Center, 25,957, pp. 3-4 (La.App. 2nd Cir.8/17/94); 641 So.2d 1016, unit denied, 94-2311 (La.12/19/94); 648 So.2d 401; Stamp v. Okpalobi, 599 So.2d 896, 898 (La.App. 4th Cir.1992); Graham v. St. Charles General Hospital, 590 So.2d 818, 820-821 (La.App. 4th Cir.11/26/91).
CONCLUSION
In the instant case, Dr. Kucharchuk was served within the remaining 113 days of the prescriptive period. Thus, the trial court’s judgment, maintaining defendant’s peremptory exception pleading the objection of prescription, is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs of the appeal are assessed to appel-lees, Dr. Andrew Kucharchuk and Southeastern Orthopedics, Inc.
REVERSED AND REMANDED.

. The complaint also named the Patients' Compensation Fund Oversight Board as a defendant. It was later dismissed from the lawsuit.

. Guitreau v. Kucharchuk, 96-0216 (La.App. 1st Cir.5/20/96) (Unpublished).