Ji_SCHOTT, Chief Judge.
This is before the court on a writ of certio-rari directed to a judgment of the trial court overruling an exception of prescription and denying a motion for summary judgment filed by relator, Lloyd J. Jefferson, Jr..
Respondent, Gwendolyn J. McDaniels, filed her original petition on November 21, 1988, against Dean Allison, Allison Real Estate Sales, and A & M Investments. She alleged that her two minor children, Shamyra and Chantelle, became ill and were diagnosed as suffering from lead poisoning on April 6, 1987, and May 25, 1988 respectively. She further alleged that on these dates they were living at 9124 Peach Street owned by those defendants and that her children’s lead poisoning was the result of lead paint in those premises.
In a second supplemental and amended petition respondent alleged that they lived at 4116 and 4118 Hollygrove Street between January and the summer of 1985 and between February and March 1988 and at 3402 Cherry Street between July 1987 and January 1988. These premises were owned by others and they likewise contained lead based paint which caused her children’s lead poisoning.
|20n August 3, 1992, respondent filed a third supplemental petition in which she joined relator as a defendant for the first time. She alleged thát she and her children from the summer of 1986 until the summer of 1987 lived at 3925 1/2 Hollygrove Street which was owned by relator. She also joined two other parties as defendants who owned 8917 Heaton Street where the family lived between August 1988 and January 1989 and 9030 Marks Street where they lived between January 1989 and May 1991. She alleged that all these places contained lead based paint which poisoned her children.
In the third supplemental petition making relator a defendant, respondent alleged that the owner of each property where the family resided was solidarity liable with the owners of other toxic properties so that the filing of the original petition against Allison in 1988 interrupted prescription as to all. The issue in the case is whether the facts as alleged by respondent and as established by the depositions and affidavits on file support respondent’s theory of solidary liability among the owners of the properties where she successively resided.
Respondent resided in relator’s premises at 3925 1/2 Hollygrove Street between the summer of 1986 and the summer of 1987. Her children were diagnosed with lead poisoning in April 1987 and May 1988. Although she filed her original petition against Allison in 1988, not until August 1992 did she join relator as a defendant.
Act 431 of 1979 amended LSA-C.C. art. 2324 which provided that “Persons whose concurring fault has caused injury, death or loss to another are also answerable in solido.” Relator’s alleged fault took place when respondent resided in his premises. That fault necessarily ended as to respondent when she moved out. Allison’s fault as to respondent began when she moved into his premises and it continued until she moved out. Thus, relator’s and Allison’s alleged fault was not con *560 curring and they are not answerable in solido pursuant 13to Art. 2324 as written at the time of these events. The cases cited by respondent do not support her position. In Wilson v. Hartzman, 373 So.2d 204 (La.App. 4 Cir. 1979), plaintiff filed suit against the executive officers of his employer for damages resulting from silicosis he incurred while employed between 1962 and 1975. The defendants argued that his claim for any damages incurred more than a year before he filed suit was prescribed. The court reasoned that the defendants’ continuing and repeated wrongful acts of requiring plaintiff to work in this environment were regarded as a single wrong cognizable in a single action rather than a series of successive actions. The present case is clearly distinguishable in that it involves separate defendants owning separate properties where respondent lived on different, successive dates. There were separate independent torts, not one continuing tort by the same tort feasors as in the Wilson case.
In Arabie v. Northwest Mining Corp., 567 So.2d 783 (La.App. 3rd Cir.1990), writs denied, 571 So.2d 656, 657 (La.1990), plaintiff filed suit for damages from asbestosis against various manufacturers and distributors of abrasive blasting materials and manufacturers of respiratory protection devices. He had filed an earlier suit in the federal court against various asbestos manufacturers and distributors for the same damages. He settled the federal case. Three of the asbestos defendants in the state court suit filed exceptions of prescription. The court noted that the record was “scant” and that the plaintiff had failed to produce evidence to show that the defendants in the federal case and the ones in the state case were solidary obligors. There was the possibility that plaintiff could establish that all these defendants were joint tort feasors because of their concurrent negligence. In that case there was the possibility that one or more manufacturers and/or distributors at the same time contributed to plaintiff’s asbestosis and the court provided plaintiff with the opportunity to |4prove this. In the present ease the pleadings and the evidence clearly establish that Allison’s and relator’s fault were not concurrent. There is no possibility that respondent can prove otherwise.
Accordingly, the judgment of the trial court is reversed and set aside. There is judgment in favor of relator, Lloyd J. Jefferson, Sr., and against respondent, Gwendolyn J. McDaniels, sustaining his exception'of prescription, granting his motion for summary judgment, and dismissing respondent’s suit against him at her cost.

REVERSED AND RENDERED.