ON REHEARING

JiPER CURIAM.
Contrary to relator’s assertions, our original decision in this supervisory writ application is not inconsistent with this court’s decision in McDaniels v. Allison, No. 97-C-1358 (LaApp. 4th Cir. 9/13/97), 700 So.2d 558, which held that the plaintiffs failed to allege solidarity between the owners of various homes where the plaintiffs lived, all of which allegedly contained lead paint which contributed to the alleged illnesses of plaintiffs’ children. Because the allegations were insufficient to support a finding of solidarity, the court granted an exception of prescription in favor of a defendant brought into the suit by a supplemental and amending petition filed after the prescriptive period had tolled.
Important distinctions between the instant case and the McDaniels case exist. In the McDaniels case, the plaintiff did not allege, and the panel did not analyze, whether the defendant might be jointly liable with one another for the plaintiffs’ injuries. That issue was moot in the McDaniels case because an exception of|2prescription can be defeated only by sufficient allegations of solidarity; allegations of joint liability are not enough. On the other hand, the question of whether the plaintiffs’ allegations were sufficient to support a finding of joint liability is critical to the instant case since an exception to venue may be defeated by allegations of either solidarity or joint liability. As we found in our original opinion, the plaintiffs’ allegations, if proven, are sufficient to support a finding of joint liability between the various defendants.
Accordingly, the application for rehearing is denied.
REHEARING DENIED.